**KILPATRICK TOWNSEND & STOCKTON LLP**

William H. Brewster (520585)
R. Charles Henn Jr. (703461)
H. Forrest Flemming, III (703406)

The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> *Defendant*. | **JURY TRIAL DEMANDED** <br><br> No. 5:22-cv-1305 (MAD/ML) |

**DEFENDANT'S SUPPLEMENTAL MEMORANDUM
IN RESPONSE TO THE COURT'S DECEMBER 14 ORDER**

Defendant Meta Platforms, Inc. ("Meta") respectfully submits this brief addressing the two issues identified by the Court's December 14 Order: "(1) dismissal of the direct liability state law claims for the reasons set forth in the Courts Memorandum-Decision and Order [ECF 26, "Order"] concerning direct liability, and (2) the issue of preemption of state law claims."[1]

## INTRODUCTION

The Court's Order correctly held that Plaintiffs could not establish Meta's direct liability because they failed to allege "use" under the Lanham Act. Numerous courts have applied this same "use" requirement to New York trademark claims. *See Audi AG v. Shokan Coachworks, Inc.*, 592 F. Supp. 2d 246, 270–71 (N.D.N.Y. 2008) (holding that Lanham Act and state-law claims "may all be analyzed under the same . . . test," including "whether *the defendant's use* of the mark is likely to cause consumers confusion" (emphasis added)). Indeed, the federal law that the Court considered in analyzing Plaintiffs' federal trademark claims is identical to the New York law governing Plaintiffs' state-law claims. "A claim of trademark infringement under New York law requires proof of the same elements and can be analyzed together with a Lanham Act claim." *Excelsior Coll. v. Wolff*, No. 1:17-CV-0011 (GTS/DJS), 2018 WL 3964703, at *10 (N.D.N.Y. Aug. 16, 2018) (internal quotation marks, alterations, and citations omitted).

Regarding preemption, the issue may be addressed in whole or part now, and/or will arise at a later stage. The "Tree Design Marks" alleged in the Second Amended Complaint not only are "potentially patentable," but were the subject of an expired patent. As a result, those claims in Claim V are preempted. *See Luv N' Care, Ltd. v. Regent Baby Prod. Corp.*, 841 F. Supp. 2d

---

[1] Meta's pre-motion letter noted that the "use … in commerce" language in the Lanham Act's dilution provision is the same as the trademark infringement and unfair competition provisions. *See* ECF 32 at 3, which means that Count IV should be limited to contributory claims. Because the Order refers only to "state law claims," we do not brief that straight-forward issue in full here.

753, 762 (S.D.N.Y. 2012) ("Plaintiffs' claim under section 360–*l* is therefore preempted by federal patent law to the extent that plaintiffs invoke the statute to enjoin the manufacture, use, or sale of products diluting plaintiffs' potentially patentable designs.").[2] For these reasons, and those stated below, the Court should clarify that the Order dismisses Claims IV-VI, with prejudice, on the same grounds articulated in the Order.

## ARGUMENT

A.  **The Court's "Use" Analysis Applies to Plaintiffs' New York Claims**

In its Order, the Court correctly observed that direct liability for trademark claims is only available if the defendant itself has made a "use in commerce" of the allegedly infringing mark. *See* Order at 40. "A mark is deemed 'on goods' and 'in use in commerce' when 'it is placed in any manner on the goods . . . .'" *Id.* (quoting 15 U.S.C. § 1127). The Court then correctly found that Plaintiffs failed to allege that Meta "'place[d] any of Plaintiffs' Marks on 'the goods,'" and that Plaintiffs' "direct liability claims" should be dismissed. *Id.* at 41-42. The Court's analysis cited federal law, but it applies with equal force to Plaintiffs' state-law claims because such claims also require proof that the defendant "used" the plaintiff's mark.

1.  **Claim V – Violation of New York General Business Law § 360-*l***

Direct liability claims brought under New York's General Business Law § 360-*l* require a showing of the defendant's "use." As one New York appellate court explained: "A party asserting a claim for unfair competition predicated upon trademark infringement or dilution in violation of General Business Law §§ 360–k and 360–l must show that *the defendant's use of the trademark* is likely to cause confusion or mistake about the source of the allegedly infringing

---

[2] The issue of copyright preemption will be addressed in discovery, as Plaintiffs' Tree Design Marks may "come within the subject matter of copyright." 17 U.S.C. § 301.

product." *Beverage Mktg. USA, Inc. v. S. Beach Beverage Co.*, 20 A.D.3d 439, 439, 799 N.Y.S.2d 242, 244 (2005) (emphasis added).

Thus, courts in this Circuit have consistently held that the Lanham Act's "use" requirement applies to Section 360-*l* claims. *See, e.g.*, *Solid 21, Inc. v. Richemont N. Am., Inc.*, No. 19 CIV. 1262 (LGS), 2020 WL 3050970, at *3 (S.D.N.Y. June 8, 2020) ("A claim of trademark dilution under the Lanham Act and state law similarly require factual allegations about a defendant's use of the mark."); *Naked Cowboy v. CBS*, 844 F. Supp. 2d 510, 518 (S.D.N.Y. 2012) (plaintiff's "state law dilution claim must fail because . . . Defendants did not use Plaintiff's mark in the Episode"); *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 493 F. Supp. 2d 545, 548 n.4 (E.D.N.Y. 2007) ("[T]he 'use' requirement exists for plaintiff's proposed state law claims [including under § 360-*l*] and is analyzed in the same manner as under the federal claims.").

### 2. Claim VI - Trademark Infringement and Unfair Competition (Common Law)

Trademark infringement and unfair competition claims brought under New York common law also require a showing of the defendant's "use." Indeed, in *Tiffany (NJ) Inc. v. eBay, Inc.*, 600 F.3d 93 (2d Cir. 2010), the Second Circuit recited the Lanham Act's "use in commerce" requirement and then explained that "the Lanham Act and New York State common law" are "composed of the same elements." *Id.* at 101 n.6.

Other courts likewise have been explicit that use is required for state common law claims. For example, in *FragranceNet.com, Inc.*, the court held that "[c]ontrary to plaintiff's assertion, the 'use' requirement applies to all of plaintiff's claims, including the claims asserted under New York law," such as "common law unfair competition and misappropriation." 493 F. Supp. 2d at 547, 548 n.4. The court in *LoanStreet, Inc. v. Troia* held that "a plaintiff must establish that the

3

defendant made 'use[] in commerce' of the protected mark" under the Lanham Act, and that "[t]hese same standards apply to unfair competition claims under New York common law . . . ." No. 21 Civ. 6166 (NRB), 2022 WL 3544170, at *9 (S.D.N.Y. Aug. 17, 2022). Similarly, the court in *Soter Techs., LLC v. IP Video Corp.*, 523 F. Supp. 3d 389 (S.D.N.Y. 2021), held that "a sustainable [Lanham Act] claim must establish that the defendant made 'use in commerce' of Plaintiff's trademark to begin with," and that "[u]nder New York common law, the standards for trademark infringement and unfair competition are 'virtually identical' to the standard under the Lanham Act.'" *Id.* at 397 (citation omitted). These holdings are consistent with the New York Court of Appeals' explanation that an "unfair competition claim . . . usually concerns the *taking and use* of the plaintiff's property to compete against the plaintiff's own use of the same property." *ITC Ltd. v. Punchgini, Inc.*, 9. N.Y.3d 467, 478, 880 N.E.2d 852 (2007) (emphasis added) (citation omitted).³

It is therefore common for courts in the Second Circuit to dismiss New York common law trademark claims when the plaintiff fails to satisfy the Lanham Act's use requirements. For example, in *Lopez v. BigCommerce, Inc.*, 2017 WL 3278932 (S.D.N.Y. Aug. 1, 2017), the court dismissed the plaintiff's Lanham Act claims because he did not "sufficiently allege that Google used his mark in commerce" and then dismissed plaintiff's claims for "trademark infringement and unfair competition under New York common law" for the same reason, as "the legal

---

³ New York unfair competition law covers more than just infringement and extends to claims like "exploitation of proprietary information or trade secrets," *Beverage Mktg. USA*, 20 A.D.3d at 440, 799 N.Y.S.2d at 244 (citation omitted), or "palming off … when the copier of an article overtly and explicitly misrepresents its source," *Can't Live Without It, LLC v. ETS Express, Inc.*, 287 F. Supp. 3d 400, 416–17 (S.D.N.Y. 2018) (citation omitted). Thus, some types of unfair competition claims not relevant here may not require "use," but "[a] party asserting a claim for unfair competition predicated upon [New York state] trademark infringement or dilution … must show that the defendant's use of the trademark is likely to cause confusion." *Beverage Mktg. USA*, 20 A.D.3d at 439, 799 N.Y.S.2d at 244.

4

standards [for those claims] are 'virtually identical' to the standards for trademark infringement and unfair competition under the Lanham Act . . . ." *Id.* at *3–4; *see also Lopez v. Bonanza.com, Inc.*, No. 17 Civ. 8493 (LAP), 2019 WL 5199431, at *21 (S.D.N.Y. Sep. 30, 2019) (dismissing state common law trademark claims in part for failure to show use in commerce).

**B.     Some of Plaintiffs' New York Claims Are Preempted**

Plaintiffs' Count V (Section 360-*l* claim) is preempted by federal patent law to the extent it is based upon Plaintiffs' "Tree Design Marks." ECF 13 ¶ 16. The "New York dilution statute" is preempted by federal patent law when, as here, the asserted design is "potentially patentable." *Luv N' Care, Ltd.*, 841 F. Supp. 2d at 760. Plaintiffs' "Tree Design Marks" not only are "potentially patentable," but were the subject of a now-expired utility patent.[4] Thus, Plaintiffs' Section 360-*l* claims based on the Tree Design Marks should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should clarify that the Order dismisses all of Plaintiffs' direct liability claims, with prejudice. The Court should also dismiss with prejudice Plaintiffs' state law dilution claims to the extent they are premised upon Plaintiffs' "Tree Design Marks."

December 27, 2023.                    Respectfully submitted,

                                      /s/ *William H. Brewster*
                                      KILPATRICK TOWNSEND & STOCKTON LLP

                                      William H. Brewster (520585)
                                      R. Charles Henn Jr. (703461)
                                      H. Forrest Flemming, III (703406)

                                      The Grace Building
                                      1114 Avenue of the Americas

---

[4] U.S. Patent 3,065,915 "may be judicially noticed." *Feathercombs, Inc. v. Solo Prods. Corp.*, 306 F.2d 251, 253 n.1 (2d Cir. 1962).

New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800
Email: bbrewster@kilpatricktownsend.com
chenn@kilpatricktownsend.com
fflemming@kilpatricktownsend.com

*Attorneys for Defendant*

6

**KILPATRICK TOWNSEND & STOCKTON LLP**

William H. Brewster
R Charles Henn Jr.
H. Forrest Flemming, III

The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> *Defendant*. | **JURY TRIAL DEMANDED** <br><br> No. 5:22-cv-1305 (MAD/ML) |

## CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2023, a true and correct copy of the foregoing was served on counsel for Plaintiffs via ECF as follows:

Louis Orbach (507815)
Liza R. Magley (519849)
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Emails: lorbach@bsk.com; lmagley@bsk.com

*/s/ William H. Brewster*
William H. Brewster
Kilpatrick Townsend & Stockton LLP
*Attorney for Defendant*