UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CAR-FRESHNER CORPORATION and
JULIUS SAMANN LTD,

                              **Plaintiffs,**

  vs.                                          5:22-CV-1305
                                                          (MAD/ML)

META PLATFORMS, INC.,

                              **Defendant.**
_____

APPEARANCES:                                   OF COUNSEL:

**BOND SHOENECK & KING, PLLC**          LIZA R. MAGLEY, ESQ.
One Lincoln Center                              LOUIS ORBACH, ESQ.
Syracuse, New York 13202
Attorneys for Plaintiffs

**KILPATRICK TOWNSEND**                H. FORREST FLEMMING, III, ESQ.
**& STOCKTON, LLP**                         R. CHARLES HENN, JR., ESQ.
1114 Avenue of the Americas – 21st Floor    WILLIAM H. BREWSTER, ESQ.
New York, New York 10036
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

      On November 7, 2023, the Court filed a Memorandum-Decision and Order granting in part and denying in part Defendant Meta Platforms, Inc.'s motion to dismiss. *See* Dkt. No. 26. With Meta's consent, Plaintiffs Car-Freshner Corporation and Julius Samann LTD filed a second amended complaint. *See* Dkt. No. 31; *see also* Dkt. No. 32 at 1. Plaintiffs plead the following claims: federal contributory counterfeiting, federal contributory trademark infringement and unfair competition, federal direct and contributory trademark dilution, common law direct and

contributory trademark infringement and unfair competition, and state law direct and contributory dilution. *See* Dkt. No. 31 at ¶¶ 212-50.

Meta filed a pre-motion letter in accordance with the Court's individual rules of practice, seeking to file a second motion to dismiss the direct liability claims alleged in Plaintiffs' second amended complaint. *See* Dkt. No. 32. The parties disagree as to whether the Court's November 7, 2023, Memorandum-Decision and Order dismissing Plaintiffs' "direct liability claims" applies to all of Plaintiffs' claims or only a few. Dkt. No. 26 at 42; *see also* Dkt. Nos. 32, 33. The Court ordered the parties to brief the issue and held a telephone conference on the record with the parties on Wednesday, January 3, 2023. *See* Dkt. Nos. 34, 35, 36. For the following reasons, and for the reasons set forth during the Court's telephone conference, all of Plaintiffs' direct liability claims are dismissed.

A.   **Federal Dilution Claim**[1]

To establish a federal dilution claim, a plaintiff must show that: "'(1) [a] mark is famous; (2) the *defendant is making commercial use* of the mark in commerce; (3) *the defendant's use* began after the mark became famous; and (4) *the defendant's use* of the mark dilutes the quality of the mark by diminishing the capacity of the mark to identify and distinguish goods and services.'" *Louis Vuitton Malletier v. Dooney & Bourke, Inc.*, 454 F.3d 108, 118 (2d Cir. 2006) (emphasis added) (quoting *Savin Corp. v. Savin Group*, 391 F.3d 439, 448-49 (2d Cir. 2004)); *see also* 15 U.S.C. § 1125(c).

Federal dilution claims have the same "use" and "place[ment]" requirement that the Court discussed in its decision in relation to infringement. *See* Dkt. No. 26 at 40-42; *see also Nike, Inc.*

---

[1] The Court did not ask the parties to brief this issue as the case law is clear and the Court intended its November 7, 2023, decision to apply with equal force to this claim.

v. *B&H Customs Servs., Inc.*, 565 F. Supp. 3d 498, 513 (S.D.N.Y. 2021) (quotation omitted) ("[B]oth types of dilution require a showing that "*the defendant* is making commercial use of the mark in commerce"); *CDC Newburgh Inc. v. STM Bags, LLC*, No. 22-CV-1597, 2023 WL 6066136, *13 (S.D.N.Y. Sept. 18, 2023) (quoting *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 412 (2d Cir. 2005)) (additional quotation marks omitted) ("A court must decide 'use' as a threshold matter because, while any number of activities may be 'in commerce' or create a likelihood of confusion, no such activity is actionable under the Lanham Act absent the 'use' of a trademark"); *FragranceNet.com, Inc. v. FragranceX.com, Inc.*, 493 F. Supp. 2d 545, 547 (E.D.N.Y. 2007) (collecting cases) ("[C]laims of dilution under 15 U.S.C. § 1125(c) require that a plaintiff show that 'the defendant is making commercial use of the mark in commerce'").  As Plaintiffs have not alleged that Meta "placed" the Marks "in any manner on the goods or their contains or the displays associated therewith," 15 U.S.C. § 1127, the Court's November 7, 2023, conclusion dismissing "the direct liability claims" applies with equal force to the federal dilution claim.  Dkt. No. 26 at 42.  Thus, Plaintiffs' direct liability federal dilution claim is dismissed.[2]

**B.    Common Law Trademark Infringement and Unfair Competition Claims**

As to Plaintiffs' common law trademark infringement and unfair competition claims, "the standards for trademark infringement . . . under New York common law are essentially the same as under the Lanham Act." *Twentieth Century Fox Film Corp. v. Marvel Enter., Inc.*, 220 F. Supp. 2d 289, 297 (S.D.N.Y. 2002).  Similarly, "[a]nalysis of common law claims for unfair

---

[2] Insofar as the Court is dismissing the direct liability claim, the Court notes that "the Second Circuit has not yet determined that a cause of action for contributory dilution exists at all." *Nomination Di Antonio E Paolo Gensini S.N.C. v. H.E.R. Accessories Ltd.*, No. 07-CV-6959, 2010 WL 4968072, *6 (S.D.N.Y. Dec. 6, 2010); *see also Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 112 (2d Cir. 2010).  Nevertheless, the Court will not dismiss such a potential claim at this early stage.

competition 'mirror[s] the Lanham Act.'" *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, 713 F. Supp. 2d 215, 231 (S.D.N.Y. 2010) (quotation omitted); *see also Medisim Ltd. v. BestMed LLC*, 910 F. Supp. 2d 591, 606 (S.D.N.Y.2012) (quotation and quotation marks omitted) ("The elements of unfair competition under New York State common law closely parallel the elements of unfair competition under the Lanham Act, except that a plaintiff must show either actual confusion or a likelihood of confusion, and there must be some showing of bad faith on the part of the defendants"); *Lopez v. Bonanza.com, Inc.*, No. 17-CV-8493, 2019 WL 5199431, *17 (S.D.N.Y. Sept. 30, 2019) (quotation omitted) ("Because [the plaintiff] has failed to prove his Lanham Act claims, his New York common law trademark and unfair competition claims must also be dismissed"); *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 463, 519 (S.D.N.Y. 2008) ("Since Tiffany has failed to prove its Lanham Act claims, it follows *a fortiori* that it has failed to prove its common law claims as well").

Plaintiffs argue that the facts alleged in the second amended complaint are "sufficient to state plausible claims for direct liability for trademark dilution, infringement, and unfair competition under New York state law." Dkt. No. 36 at 5. Plaintiffs note that "[t]he Second Circuit has questioned the wisdom of applying § 1127's definition of 'use in commerce' to the Lanham Act's anti-infringement provisions, has expressed doubt that was ever what Congress intended, and has urged Congress 'to study and clear up this ambiguity.'" *Id.* at 6 (quoting *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 131-141 (2d Cir. 2009)). They contend that "[t]here is no sound basis to import the same questionable definition into . . . New York common law." *Id.*

The Second Circuit's discussion in *Rescuecom Corp.* explained that a 1988 statutory amendment to the Lanham Act left "preexisting language about placement of the mark

unchanged, but added a sentence requiring that a 'use in commerce' be 'a bona fide use in the ordinary course of trade, and not made merely to reserve a right in a mark.'" *Rescuecom Corp.*, 562 F.3d at 139-40. The amendment concerned "placement of the mark" insofar as the "placement" would have to be "in the manner specified in the definition of 'use in commerce' in § 1127." *Id.* at 139.

*Rescuecom Corp.* does not alter the Court's conclusion that Plaintiffs are required to plead Meta's "use" or "placement" of Plaintiff's marks on the infringing products because courts have repeatedly concluded that such a requirement exists. *See JJFM Corp. v. Mannino's Bagel Bakery*, 132 N.Y.S.3d 582, 588 (Sup. Ct. 2020) (internal citations omitted) (emphasis added) ("Under New York State law, a mark owner may maintain a statutory or common-law action against a party who has engaged in *unauthorized use* of the mark. The elements required to prevail on trademark infringement and *unfair competition claims under New York law mirror the Lanham Act* claims for trademark infringement and unfair competition"); *see also 1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 410-11 (2d Cir. 2005).[3]

---

[3] The Second Circuit has relied on *Rescuecom Corp.*, to conclude that the defendants Oprah Winfrey, Harpo, Inc., Harpo Productions, Inc, Hearst Corp., and Hearst Communications, Inc., "used in commerce" the plaintiff's "registered service mark 'Own Your Power.'" *Kelly-Brown v. Winfrey*, 717 F.3d 295, 298 (2d Cir. 2013). The Second Circuit explained that "[a] plaintiff is not required to demonstrate that a defendant made use of the mark in any particular way to satisfy the 'use in commerce' requirement. The element is satisfied if the mark is affixed to the goods 'in any manner.'" *Id.* at 305 (quoting 15 U.S.C. § 1127) (citing *Rescuecom Corp.*, 562 F.3d at 125-26, 129 (holding that Google's use of the plaintiff's trademark as a keyword to trigger the display of the advertiser's copy on Google's search results page and as a suggestion to advertisers as a keyword they might purchase were sufficient to satisfy the "use in commerce" requirement)). Thus, the Second Circuit concluded that the defendants used the plaintiff's marks in commerce because "[t]he words 'Own Your Power' appeared prominently on the front cover of the Magazine—a good for sale—and on the Oprah Website, which contained banner advertisements alongside 'Own Your Power' content." *Id.* at 306. However, that case concerned defendants who were the sellers of the goods, and here, Meta was not the direct seller. Additionally, Plaintiffs have not alleged that Meta used any of Plaintiffs' trademarks as keywords to trigger the display of infringing products. *See id.* (citing *Rescuecom Corp.*, 562 F.3d at 125-26, 129).

During the Court's telephone conference, Plaintiffs referenced a Southern District of New York case in which United States District Judge Jed S. Rakoff concluded that "[u]nfair competition claims under New York common law that otherwise resemble Lanham Act claims do not require that the allegedly infringing mark be 'used in commerce' as defined by 18 U.S.C. § 1127." *Can't Live Without It, LLC v. ETS Express, Inc.*, 287 F. Supp. 3d 400, 417 (S.D.N.Y. 2018). There, the defendant was a "drinkware company" that sold water bottles which were "'patterned after' retails brands." *Id.* at 405. The defendant sold drinkware to intermediaries to use for custom-printed products, such as college bookstores and a coffee shop chain. *See id.* The defendant sold a water bottle that was "shaped identically to the [plaintiff's] Bottle." *Id.* The plaintiff alleged that the defendant sold its own water bottles as a type of bottle made by the plaintiff without informing customers of the difference, despite customers specifically requesting the plaintiff's water bottles. *See id.* at 414, 416. The defendant argued that the plaintiff's claims could not be brought under the Lanham Act because the allegations did not meet the "use in commerce" requirement of 15 U.S.C. § 1127. *Id.*

Judge Rakoff first noted that "[t]he Second Circuit has held that the definition of 'use in commerce' found in 15 U.S.C. § 1127 applies to all claims under the Lanham Act, including Section 43(a)." *Id.* (citing *1–800 Contacts, Inc.*, 414 F.3d at 407). He then discussed *Rescuecom Corp.* and the Second Circuit's hesitance toward applying § 1127's "use in commerce" requirement to infringement claims. *Id.* 414-16. The plaintiff argued that the defendant's "use of the mark to promote other goods at the point of sale" satisfied the "use in commerce" requirement. *Id.* at 415. Bound by *1-800 Contacts*, the court reluctantly disagreed because "the 'use' of a mark 'in the sale' of a product falls under the definition of 'use in commerce' for the sale of services, not goods." *Id.* at 415-16. Rather, a mark is "use[d] in commerce" "on goods when it is placed in any

6

manner on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale." 18 U.S.C. § 1127(1)(A). Because the defendant's alleged "use" was "more akin to use 'in the sale or advertising' of the product than it is to a sales display," the court granted summary judgment in the defendant's favor on the Lanham Act claim. This conclusion supports the Court's decision that here, Plaintiffs have not alleged a direct liability trademark infringement or dilution claim under the Lanham Act as Plaintiffs have not alleged that Meta placed Plaintiffs' marks on any goods. *See* Dkt. No. 26 at 42.

However, the court in *Can't Live Without It, LLC.*, came to a different conclusion as to the common law unfair competition claim. *See Can't Live Without It, LLC*, 287 F. Supp. 3d at 416. The court explained that "[t]he ['use in commerce'] limitation imposed by *1–800 Contacts* arises from [the Second Circuit's] misreading of the text of the Lanham Act, and there is no such statute at issue in New York." *Id.* Thus, because "New York courts have noted the 'incalculable variety' of illegal practices falling within the unfair competition rubric, calling it a 'broad and flexible doctrine' that depends 'more upon the facts set forth than in most causes of action,'" the court concluded that "[u]nfair competition claims under New York common law that otherwise resemble Lanham Act claims do not require that the allegedly infringing mark be 'used in commerce' as defined by 18 U.S.C. § 1127." *Id.* at 416-17 (quoting *Roy Exp. Co. Establishment of Vaduz, Liechtenstein v. Columbia Broad. Sys., Inc.*, 672 F.2d 1095, 1105 (2d Cir. 1982)). The court determined that the plaintiff's allegations fit squarely within the common law's less stringent requirements because "'[o]ne of the most obvious forms of palming off occurs when the copier of an article overtly and explicitly misrepresents its source, for example, where a defendant

7

substituted its product for plaintiff's when customers specifically asked for plaintiff's product.'" *Id.* at 417 (quoting *Ltd. v. Punchgini, Inc.*, 9 N.Y.3d 467, 476 (2007)).

The Court is cognizant of the similarities between the present action and *Can't Live Without It, LLC*. In that case, the defendant copied the plaintiff's trademark and misrepresented the water bottles' source by using the plaintiff's trademark in e-mails. *See id.* at 414-17. Here, Plaintiffs allege that Meta used their trademarks in its confirmation and shipping e-mails as Meta included a photo of the allegedly infringing products. *See* Dkt. No. 31 at ¶¶ 104-109, 125-132, 153-158. However, one important distinction is that in *Can't Live Without It, LLC*, the defendant was the seller of the allegedly infringing product and buyers specifically asked for one product and were provided another. *See Can't Live Without It, LLC*, 287 F. Supp. 3d at 416. Here, Plaintiffs have not alleged that Meta provided the allegedly infringing product, suggested that those products were from Plaintiffs, or provided an infringing product when a buyer requested one from Plaintiffs.

Further, numerous courts have applied the Lanham Act's "use" requirement to common law unfair competition claims. *See Gary Friedrich Enterprises, LLC*, 713 F. Supp. 2d at 231 (S.D.N.Y. 2010); *Medisim Ltd.*, 910 F. Supp. 2d at 606; *Lopez*, 2019 WL 5199431, at *17; *Tiffany*, 576 F. Supp. 2d at 519; *Jackpocket, Inc. v. Lottomatrix NY LLC*, 645 F. Supp. 3d 185, 229 (S.D.N.Y. 2022); *JJFM Corp.*, 132 N.Y.S.3d at 588. Based on this case law, the fact that Plaintiffs have not plead that Meta "placed" Plaintiffs' trademarks on any goods, and the Court has been unable to find a case where a website owner has been held directly liable for a third-party seller's sales of infringing products, Plaintiffs' common law direct liability claims are dismissed. *See Nike, Inc. v. B&H Customs Servs., Inc.*, 565 F. Supp. 3d 498, 517 (S.D.N.Y. 2021) ("[The plaintiff] does not cite (and the Court has not found) any decision holding that New

8

York common law makes an unwitting transporter of counterfeit goods liable for infringement or applying a theory of contributory trademark infringement").

C.    **State Law Dilution**

As to Plaintiffs' state law dilution claim, New York's dilution statute does not contain the word "use" or place." *See* N.Y. Gen. Bus. Law § 360-l ("Likelihood of injury to business reputation or of dilution of the distinctive quality of a mark or trade name shall be a ground for injunctive relief in cases of infringement of a mark registered or not registered or in cases of unfair competition, notwithstanding the absence of competition between the parties or the absence of confusion as to the source of goods or services"). "[A]lthough the Second Circuit has cautioned that 'it is not clear that [N.Y. Gen. Bus. Law § 360–1] is coextensive with [the Trademark Dilution Revision Act of 2006],' the 'use' requirement exists for plaintiff's proposed state law claims and is analyzed in the same manner as under the federal claims." *FragranceNet.com, Inc.*, 493 F. Supp. 2d at 548 n.4 (quoting *Starbucks Corp. v. Wolfe's Borough Coffee*, 477 F.3d 765, 766 (2d Cir. 2007)).  This is because "though N.Y. Gen. Bus. § 360-l does not explicitly state 'use in commerce,' that statute requires infringement of a mark to receive injunctive relief for injury to business reputation or dilution." *Id.* (quotation omitted). "Infringement of a mark under state law requires use of the trademark, and the definition of 'use' under N.Y. Gen. Bus. Law § 360 mirrors the definition of 'use' in the Lanham Act." *Id.*; *see also Beverage Mktg. USA, Inc. v. S. Beach Beverage Co.*, 799 N.Y.S.2d 242, 244 (2005) (emphasis added) (citation omitted) ("A party asserting a claim for unfair competition predicated upon trademark infringement *or dilution* in violation of General Business Law §§ 360–k and 360–l must show that *the defendant's use* of the trademark is likely to cause confusion or mistake about the source of the allegedly infringing product); *Wisell v. Indo-Med Commodities, Inc.*, 819

N.Y.S.2d 852, 13-14 (Sup. Ct. 2006) (emphasis added) ("Blurring occurs when *the infringer uses* or modifies the mark to identify its products with those of the holder of the mark creating a possibility that the mark will lose no longer be uniquely identified with the mark holder's product"); *Ergowerx Int'l, LLC v. Maxell Corp. of Am.*, 18 F. Supp. 3d 430, 451 (S.D.N.Y. 2014) (quotation and quotation marks omitted) (emphasis added) ("Tarnishment occurs when *the defendant uses* the mark in a way that dilutes the quality or prestige associated with the plaintiff's mark because of confusion between the two marks").

Plaintiffs argue that New York's dilution statute does not use the word "use," the statute "prohibits *any* use of a" mark, and the cases that Meta cites did not include, or only include minor, discussion of the nature of the "use" required under New York's dilution statute. Dkt. No. 36 at 6-8. Each of Plaintiffs' statements are correct. *See* N.Y. Gen. Bus. Law § 360-l; *Mead Data Cent., Inc. v. Toyota Motor Sales, U.S.A., Inc.*, 875 F.2d 1026, 1030 (2d Cir. 1989) (focusing its analysis on the distinctiveness of a mark and the likelihood of confusion); *Tiffany (NJ) Inc. v. eBay Inc.*, 600 F.3d 93, 112 (2d Cir. 2010) (including only a one-paragraph analysis about the direct liability dilution claim).

Despite the accuracy of Plaintiffs' contentions, because (1) the statute requires a defendant to have infringed on a mark and infringement requires use, and (2) cases analyze federal and state dilution claims under the same standards, the Court dismisses Plaintiffs' state law direct liability dilution claim for the same reason it dismisses the federal law direct liability claim: there are no allegations that Meta directly used Plaintiffs' marks on any infringing products. *See Meta Data*, 875 F.2d at 1030 (quoting *L. Bean, Inc. v. Drake Publishers, Inc.*, 811 F.2d 26, 32-33 (1st Cir.) (emphasis added) ("'The legitimate aim of the anti-dilution statute is to prohibit the unauthorized *use* of another's trademark in order to market incompatible products or services', and this

constitutes a 'legitimate regulation of commercial speech'"); *Tiffany*, 600 F.3d at 112 (affirming the district court's rejection of Tiffany's dilution claim because "eBay never used the TIFFANY Marks in an effort to create an association with its own product, but instead, used the marks directly to advertise and identify the availability of authentic Tiffany merchandise on the eBay website" and "just as the dilution by blurring claim fails because eBay has never used the [Tiffany] Marks to refer to eBay's own product, the dilution by tarnishment claim also fails").[4]

After careful review of the record, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that all of Plaintiffs' direct liability claims as set forth in their second amended complaint (Dkt. No. 31) are **DISMISSED**; and the Court further

**ORDERS** that Plaintiffs may file a third amended complaint within **thirty (30) days** of the filing of this Memorandum-Decision and Order that is consistent with this decision as well as the Court's November 7, 2023, decision; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 4, 2024
        Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[4] In Meta's first motion to dismiss, it cited a case discussing preemption of state law claims. *See* Dkt. No. 17-1 at 24-25. Thus, to address all of the potential issues at one time, the Court instructed the parties to brief the issue of preemption in their five-page memoranda. *See* Dkt. No. 34. Meta contends that Plaintiffs' state dilution claim is preempted by federal patent law because Plaintiffs' Tree Design Mark were patented. *See* Dkt. No. 35 at 6. Plaintiffs argue that their state law claims are not preempted because "federal trademark law does not preempt state law." Dkt. No. 36 at 9. Meta notes that "[t]he issue of copyright preemption will be addressed in discovery, as Plaintiffs' Tree Design Marks may 'come within the subject of copyright.'" Dkt. No. 35 at 3 n.2. Because the Court dismisses Plaintiffs' common law trademark infringement and unfair competition claims and state law dilution claims insofar as they are based on direct liability, the Court need not decide whether such claims are preempted at this time.