**KILPATRICK TOWNSEND & STOCKTON LLP**

William H. Brewster (520585)
R. Charles Henn Jr. (703461)
H. Forrest Flemming, III (703406)

The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> *Defendant*. | **META PLATFORMS, INC.'S COUNTERCLAIMS AND ANSWER** <br><br> **JURY TRIAL DEMANDED** <br><br> No. 5:22-cv-1305 (MAD/ML) |
| META PLATFORMS, INC., <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> JULIUS SÄMANN LTD., <br><br> *Counterclaim-Defendant*. | |

1

## COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff Meta Platforms, Inc. ("Meta") brings the following counterclaims against Plaintiff/Counter-Defendant Julius Sämann Ltd. ("JSL") for cancellation of U.S. Registration Nos. 719,498; 1,781,016; 1,791,233; 2,741,364; and 3,766,310 (the "Tree Design Registrations").

## OVERVIEW OF META'S COUNTERCLAIMS

1.     JSL, along with Car-Freshner Corporation ("CFC," and together with JSL, "Car-Freshner"), sued Meta for trademark infringement over a handful of third-party posts and listings that allegedly advertised, offered for sale, sold, and/or distributed goods on Facebook and Instagram. The Court has dismissed Car-Freshner's claims for direct trademark infringement, and Car-Freshner's remaining contributory infringement claims arising from JSL's purported "Tree Design Mark," as shown in Paragraph 12 below, fail because the marks are functional and must be cancelled.

2.     Trademark law does not protect functional designs because granting a corporation a trademark monopoly over a design that is useful to consumers is the antithesis of fair competition. A design that serves a utilitarian function cannot be granted a trademark monopoly.

3.     Through the continued registration of the Tree Design Mark and multiple lawsuits including the present action, however, Car-Freshner is seeking such a monopoly because the shape of the Tree Design Mark is essential to the air freshener's use or purpose. Indeed, JLS's founder Julius Sämann obtained a utility patent covering the tree shape design underlying the Tree Design Mark.

4.     JSL's submissions to the United States Patent & Trademark Office and Car-Freshner's own product packaging further confirm that the tree shape serves a utilitarian function.

5.      Indeed, as described by The New York Times (in an article that Car-Freshner itself quotes in its pleadings in this case) the tree shape "allowed [the air freshener's] cellophane wrapper to be rolled back slowly, from its apex down, so the fragrance could be drawn out, branch by branch. Judicious users could preserve the pine scent for up to seven weeks."

6.      The Tree Design Mark is therefore functional and unprotectable as a trademark. Accordingly, the Tree Design Registrations should be cancelled.

## PARTIES

7.      Meta is a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 1 Meta Way, Menlo Park, California 94025.

8.      Plaintiff/Counterclaim-Defendant Julius Sämann Ltd. Is a Bermuda corporation with a principal place of business at Victoria Place, 31 Victoria Street, Hamilton HM10, Bermuda.

## JURISDICTION AND VENUE

9.      The Court has jurisdiction over the subject matter of this action under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338.

10.     The Court does not have personal jurisdiction over Meta, including as detailed in Meta's Motion to Dismiss or Transfer (Dkt. No. 17). In bringing these compulsory counterclaims, Meta does not consent to personal jurisdiction.

11.     Venue is not proper under 28 U.S.C. § 1391, including as detailed in Meta's Motion to Dismiss or Transfer (Dkt. No. 17). In bringing these compulsory counterclaims, Meta does not consent to venue in this Court.

## BACKGROUND

12.     Car-Freshner asserts several purported trademarks against Meta, including the Tree Design Mark shown below:



|  |  |  |  |  |
|---|---|---|---|---|
| 719,498 | 1,781,016 | 1,791,233 | 2,741,364 | 3,766,310 |
| Class 5: Absorbent body impregnated with a perfumed air deodorant | Class 5: Air freshener | Class 5: Air freshener | Class 18: Travel bags Class 25: Shirts, sweat-shirts, t-shirts and caps | Class 5: Air fresheners Class 16: pens and stickers Class 18: luggage tags Class 25: shirts and hats |

## A.  The Tree Design Mark Is Functional

13.     Julius Sämann founded Julius Sämann Ltd. He applied for and was granted U.S. Patent Number 3,065,915 (the "'915 Patent," attached as **Exhibit 1**). The '915 Patent was filed on January 8, 1959, issued on November 27, 1962, and expired in November of 1979.

14.     The '915 Patent is directed to packaged air fresheners that allow for incrementally removing an air freshener from its packaging over time.

15.     The '915 Patent specification describes Mr. Sämann's prior invention, U.S. Patent Number 2,757,957 (the "'957 Patent"), directed to packaging for an air freshener in which the air freshener may be partially withdrawn. '915 Patent at 1:11-17.

16.     The '915 Patent specification further describes a need to address the problem that "purchasers of [air fresheners such as those shown in the '957 Patent] did not realize that the rate of volatilization could be controlled by withdrawing the [air freshener] only partially from the pouch, and such purchasers frequently removed the [air freshener] entirely from the pouches with

4

the result that the volatilization was too rapid and produced an excessively heavy and consequently unpleasant odor." '915 Patent at 1:11-26.

17.     Mr. Sämann's prior invention, the '957 Patent, is directed primarily to the air freshener packaging and does not include any claims directed to the shape of the air freshener itself. *See generally* '957 Patent.

18.     The '915 Patent sought to improve upon such air freshener packaging. *See* '915 Patent at 1:7-35.

19.     The tree shape of the air freshener embodied in the '915 Patent, which is the same design underlying the Tree Design Mark, is a central advance of the '915 Patent.

20.     The '915 Patent contains a single claim, which claims in relevant part:

(1) "a flat absorbent body . . . having a point at the top and an outline which flares outward toward the bottom." '915 Patent at 4:9-10, 22-25;

(2) said body outline being sufficiently rigid to pierce the seal of the top end of the envelope and progressively widen the opening as the body is moved therethrough," *id.* at 4:25-28; and

(3) "a marking on said body" of the air freshener that can align with indicia on the envelope to permit incremental adjustment as the body is progressively moved out of the top of the envelope and exposed to the atmosphere, allowing the scent to be released. *See generally id.* at 4:5-30.

21.     The sole embodiment of the "absorbent body" is directed to an air freshener "in the form of a tree." Figures 1 and 2 of the '915 Patent depict this tree-shaped air freshener embodied in the claim:



Filed Jan. 8, 1959

*Fig.1.*

*Fig.2.*

22. The '915 Patent directly references the tree shape and its utilitarian function, explaining that "in the particular construction illustrated [as shown above], the porous member is in the form of a tree and this generally conical shape serves two purposes." First, "when the volatile material is of the maximum strength, only a small part of the apex of the tree or conical member is exposed and gradually larger areas of the tree are exposed to the atmosphere while smaller portions of the volatile material are left in the pouch." And second, "as the opening in the upper end [] of the pouch is gradually increased in size, the conical shape limits the extent to which the member may be drawn out of the pouch and holds the pouch in place on the porous member." '915 Patent at 2:34-50.

6

23.     The shape of air fresheners bearing the Tree Design Mark serve the same functions and purposes as those described, depicted, and claimed in the '915 Patent.

24.     A 2012 article by *The New York Times* observed that Car-Freshner's decision to use a pine tree shape rather than an original pin-up model—such as that depicted in the '957 Patent—was "largely practical." *See* **Exhibit 2** (Hillary Greenbaum and Dana Rubinstein, *Who Made Those Little Trees Air Fresheners*, New York Times (Mar. 2, 2012), https://www.nytimes.com/2012/03/04/magazine/who-made-little-tree-air-fresheners.html). The article explained that "[t]he tree's conical shape allowed its cellophane wrapper to be rolled back slowly, from its apex down, so the fragrance could be drawn out, branch by branch. Judicious users could preserve the pine scent for up to seven weeks."

25.     Car-Freshner intends for consumers to use air fresheners in the shape of the Tree Design Mark (the "Functional Air Fresheners") in the same utilitarian ways claimed in the '915 Patent.

26.     Car-Freshner instructs consumers to use the Functional Air Fresheners by opening a small hole in the top of the plastic and pulling only the top of the scented paper out. This process is demonstrated in a variety of media, including Car-Freshner instructions and a third-party YouTube video available at https://www.youtube.com/watch?v=DL0vsOlZBvo.

27.     As the scent dissipates, Car-Freshner instructs consumers to pull the scented tree-shaped absorbent body out of its packaging, as depicted in Car-Freshner's own diagram shown below. This diagram can be found on the back of Car-Freshner's product packing, as shown in **Exhibit 3** (*Little Trees Auto Air Freshener*, Walmart, https://www.walmart.com/ip/Little-Trees-Air-Freshener-Black-Ice-Fragrance-3-Pack/16879771?athbdg=L1200&from=/search (last accessed Feb. 16, 2024)).



28.     On information and belief, packaging for the Functional Air Fresheners has touted

the functional advantage of the tree shape by providing the following instructions:



29.     The diagram and instructions depicted in Paragraphs 27 and 28 are consistent with

the system described, depicted, and claimed in the '915 Patent.

8

30.     The other elements of the Functional Air Fresheners are also functional. The rectangular block base of the products allows for efficient display of text on a "strip display"—a device used at retail stores to display a variety of scented fresheners in a space-efficient manner. A strip display allows retailers to offer and promote those products by stacking the packages on top of each other, thereby reducing the amount of display space needed for the product. An example of a "strip display" offered by third-party retailer Auto-Zone is shown below, and attached as **Exhibit 4** (*Little Trees Clip Strip Assorted Air Freshener*, Autozone, https://www.autozone.com/interior-detailing-and-car-care-products/air-freshener/p/little-trees-clip-strip-assorted-air-freshener/1117251_0_0 (last accessed Feb. 16, 2024)).



31.     A previous court opinion discussing this aspect of the Functional Air Fresheners noted that strip displays allow for "the maximum number of products in an efficient small size." *Car-Freshner Corp. v. D & J Distributing and Mfg., Inc.*, No. 14-CV-391 PKC, 2015 WL 3385683, at *6 (S.D.N.Y. May 26, 2015) (internal quotations omitted).

## FIRST CLAIM FOR RELIEF
Cancellation of U.S. Reg. Nos. 719,498, 1,781,016, 1,791,233, 2,741,364 and 3,766,310
On Functionality Grounds

32.     Meta repeats and incorporates by reference the allegations contained in the previous Paragraphs.

33.     Plaintiff JSL owns U.S. Trademark Registration Nos. 719,498, 1,781,016, 1,791.233, 2,741,364, and 3,766,310, and asserts the Tree Design Mark against Meta in this litigation.

34.     The conical shape and rectangular base of the Tree Design Mark, alone and in combination, are essential to the use or purpose of air fresheners and are the central advance in relevant technology.

35.     The Tree Design Mark is functional and is not entitled to registration, pursuant to Section 14(3) of the Lanham Act, 15 U.S.C. § 1064(3). Congress specifically ensured that even if a mark is "incontestable," it must still be cancelled if it is functional. *See* 15 U.S.C. § 1115(b)(8).

36.     Meta has been and continues to be injured by the continued registration of the Tree Design Mark, including because Car-Freshner has asserted it against Meta in this litigation.

37.     Pursuant to 15 U.S.C. § 1119, the Court should issue appropriate orders to the Director of the United States Patent and Trademark Office directing that the Tree Design Registrations be cancelled.

## PRAYER FOR RELIEF

WHEREFORE, Meta prays for the following relief:

(1)    An order to the Director of the United States Patent and Trademark Office directing that U.S. Trademark Registration Nos. 719,498, 1,781,016, 1,791.233, 2,741,364, and 3,766,310 be cancelled in their entireties;

(2)    An award to Meta of its reasonable attorney's fees and costs incurred in connection with this action because JSL's assertion of trademark rights in a clearly and admittedly functional design renders this an exceptional case under 15 U.S.C. § 1117, including interest; and

(3)    Such other relief to which Meta may be entitled.

## ANSWER

Meta hereby answers the Third Amended Complaint (Dkt. No. 39, the "Complaint") filed by Plaintiffs on February 2, 2024, as follows:

### INTRODUCTION

1.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 1.

2.    Meta admits that JSL is the registrant listed by the United States Patent and Trademark Office for certain federal trademark registrations, and that some such registrations claim "air fresheners." Meta denies any trademarks owned by JSL are famous. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 2.

3.    Meta admits it owns and operates the Facebook (facebook.com) and Instagram (instagram.com) social media sites, which can be used by third parties to sell, offer for sale,

advertise, and/or distribute goods and services in the United States. Meta denies the remaining allegations in Paragraph 3.

4.      Meta admits that it owns, operates, and promotes Facebook Marketplace as an e-commerce platform to buy and sell goods in the United States, and denies the remaining allegations in Paragraph 4.

5.      Meta admits that its promotional materials have included the quoted language and denies the remaining allegations in Paragraph 5.

6.      Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 6.

7.      Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 7, and states that, on information and belief, Plaintiffs did not submit a Trademark Report Form to Meta, which would request the information needed to assess a claim of third-party trademark infringement. Meta denies the remaining allegations in Paragraph 7.

8.      Meta denies the allegations in Paragraph 8.

## JURISDICTION AND VENUE

9.      Meta denies that the Court has personal jurisdiction over Meta, including for the reasons detailed in Meta's Motion to Dismiss or Transfer (Dkt. No. 17) and otherwise states that Paragraph 9 contains only legal conclusions to which no response is required.

10.     Meta denies that venue is proper, including for the reasons detailed in Meta's Motion to Dismiss or Transfer (Dkt. No. 17) and otherwise states that Paragraph 10 contains only legal conclusions to which no response is required.

## PARTIES

11.     Meta admits the allegations in Paragraph 11.

12.     Meta admits the allegations in Paragraph 12.

13.     Meta admits that it is a Delaware corporation and denies the remaining allegations in Paragraph 13.

14.     Meta admits that it employs individuals in its offices in New York City and that Meta is registered as a "foreign business corporation" with the New York Department of State. As detailed in Meta's Motion to Dismiss or Transfer, Dkt. No. 17, Meta maintains that the Facebook Terms to which Plaintiff Car-Freshner Corporation is subject contain a valid forum selection clause requiring disputes to be litigated in the Northern District of California. Meta denies the remaining allegations in Paragraph 14.

15.     Meta admits that in its Annual Report on Form 10-K for the fiscal year ended December 31, 2023, Meta reported that "Family daily active people (DAP) was 3.19 billion on average for December 2023." Meta also admits that on October 14, 2021, at the page https://www.facebook.com/marketplace/learn-more/blog/celebrating-five-years-of-facebook-marketplace-with-more-ways-to-buy-and-sell/ (last accessed February 15, 2024), Meta stated that "Marketplace is now visited by more than 1 billion people globally each month." Meta admits that at the page https://about.meta.com/supportsmallbusiness/personalized-ads/ (last accessed February 15, 2024), Meta stated that "More than 200 million businesses use our apps every month to create virtual storefronts and reach customers[.]"

### PLAINTIFFS' TREE DESIGN AND WORD MARKS[1]

16.     Meta denies any trademarks owned by JSL are famous or distinctive. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16.

---

[1] Defendant includes the same section headers as Plaintiffs used in the Complaint for ease of reference. To the extent any allegations are contained in the headers, Defendant expressly denies them.

17.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17.

18.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 18.

19.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 19.

20.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 20.

21.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21.

22.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22.

23.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23.

24.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 24.

25.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 25.

26.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 26.

27.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 27.

28.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 28.

29.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 29.

30.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 30.

31.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 31.

32.     Meta admits that JSL is the registrant listed by the United States Patent and Trademark Office for Reg. Nos. 719,498, 1,781,016, 1,791,233, 2,741,364, 3,766,310, 1,990,039, 1,985,773, 4,221,968, and 5,437,288. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 32.

33.     Meta denies that JSL is the registrant listed by the United States Patent and Trademark Office for Reg. No. 3,216,834 and that the mark under that registration is for BLACK ICE. Meta admits that JSL is the registrant listed by the United States Patent and Trademark Office for the remaining federal trademark registrations listed in Paragraph 33. Meta denies that the registration date for Reg. No. 1,985,773 is July 6, 1996; otherwise, Meta admits that the registration numbers, registrations dates, goods, and classes listed in Paragraph 33 reflect the publicly available information provided by the United States Patent and Trademark Office. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 33.

34.     Paragraph 34 contains only legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 34.

35.     Paragraph 35 contains only legal conclusions to which no response is required. To the extent a response is required, Meta lacks knowledge or information sufficient to form a belief about the truth of any allegations in Paragraph 35.

36.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 36.

37.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 37.

38.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 38.

39.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 39.

40.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 40.

41.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 41.

42.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 42.

43.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 43.

44.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 44.

45.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 45.

46.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 46.

47.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 47.

48.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 48.

49.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 49.

50.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 50.

51.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 51.

52.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 52.

53.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 53.

54.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 54.

55.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 55.

56.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 56.

57.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 57.

58.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 58.

59.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 59.

60.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 60.

61.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 61.

62.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 62.

63.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 63.

64.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 64.

65.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 65.

66.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 66.

67.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 67.

68.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 68.

69.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 69.

70.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 70.

71.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 71.

72.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 72.

73.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 73.

74.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 74.

75.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 75.

76.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 76.

77.     Meta denies the allegations in Paragraph 77.

78.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 78.

79.     Meta denies that any of its activities are infringing or diluting, and denies any trademarks owned by Plaintiffs are famous. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 79.

**DEFENDANT'S INFRINGEMENT OF PLAINTIFFS' FAMOUS TREE DESIGN MARK, LITTLE TREES MARKS, VANILLAROMA MARKS, AND BLACK ICE MARKS**

80.     Meta denies the allegations in Paragraph 80.

81.     Meta denies the allegations in Paragraph 81.

**Infringing Tree-Shaped Air Fresheners**

82.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 82.

83.     Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 83.

84.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 84.

85.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 85.

86.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 86.

87.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 87.

88.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 88.

89.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 89.

90.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 90.

91.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 91.

92.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 92.

93.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 93.

94.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 94.

95.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 95.

96.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 96.

97.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 97.

98.     Meta admits that, subject to certain terms and limitations, users may request a refund for purchases made through onsite checkout on Facebook or Instagram by submitting a

"Purchase Protection" claim through Facebook or Instagram. Meta denies the remaining allegations in Paragraph 98.

99.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 99.

100.     Meta admits that it collects and remits sales tax on a third-party seller's behalf on Facebook Marketplace transactions in certain states, including New York. *See* **Exhibit 5** (https://www.facebook.com/business/help/225860631518504?id=540542143143969). Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 100.

101.      Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 101.

102.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 102.

103.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 103.

104.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 104.

105.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 105.

106.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 106.

107.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 107.

108.    Meta admits that a selling fee may be deducted from the payout of orders sold with shipping on Facebook Marketplace. *See, e.g.*, **Exhibit 6** (https://www.facebook.com/help/620680138523186). Meta lacks knowledge or information sufficient to form a belief about the truth of whether a selling fee was charged in the individual transaction referenced in Paragraph 108.

109.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 109.

110.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 110.

111.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 111.

112.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 112.

113.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 113.

114.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 114.

115.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 115.

116.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 116.

117.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 117.

118.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 118.

119.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 119.

120.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 120.

121.     Meta admits that it collects and remits sales tax on a third-party seller's behalf on Facebook Marketplace transactions in certain states, including New York. *See* **Exhibit 5** (https://www.facebook.com/business/help/225860631518504?id=540542143143969). Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 121.

122.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 122.

123.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 123.

124.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 124.

125.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 125.

126.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 126.

127.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 127.

128.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 128.

129.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 129.

130.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 130.

131.    Meta admits that a selling fee may be deducted from the payout of orders sold with shipping on Facebook Marketplace. *See, e.g.*, **Exhibit 6** (https://www.facebook.com/help/620680138523186). Meta lacks knowledge or information sufficient to form a belief about the truth of whether a selling fee was charged in the individual transaction referenced in Paragraph 131.

132.    Meta denies the allegations these hashtags and the packaging are confusingly similar to Plaintiffs' marks. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 132.

133.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 133.

134.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 134.

135.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 135.

136.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 136.

137.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 137.

### Infringing "Black Ice" Air Fresheners

138.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 138.

139.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 139.

140.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 140.

141.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 141.

142.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 142.

143.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 143.

144.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 144.

145.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 145.

146.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 146.

147.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 147.

148.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 148.

149.     Meta admits that it collects and remits sales tax on a third-party seller's behalf on Facebook Marketplace transactions in certain states, including New York. *See* **Exhibit 5** **(**https://www.facebook.com/business/help/225860631518504?id=540542143143969). Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 149.

150.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 150.

151.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 151.

152.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 152.

153.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 153.

154.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 154.

155.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 155.

156.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 156.

157.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 157.

158.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 158.

159.    Meta admits that a selling fee may be deducted from the payout of orders sold with shipping on Facebook Marketplace. *See* **Exhibit 6** (https://www.facebook.com/help/620680138523186). Meta lacks knowledge or information sufficient to form a belief about the truth of whether a selling fee was charged in the individual transaction referenced in Paragraph 159.

160.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 160.

161.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 161.

162.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 162.

163.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 163.

164.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 164.

165.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 165.

166.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 166.

167.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 167.

168.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 168.

169.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 169.

170.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 170.

171.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 171.

172.     Meta lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 172.

173.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 173.

### Infringing T-Shirts and Stickers

174.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 174.

175.     Meta lacks information or knowledge sufficient to form a belief about the truth of the allegations in Paragraph 175.

176.     Meta denies the allegations in Paragraph 176.

177.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 177.

### Other Infringing Products

178.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 178.

179.     Meta denies the allegations in Paragraph 179.

180.     Meta denies the allegations in Paragraph 180.

181.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 181.

182.     Meta denies the allegations in Paragraph 182.

183.     Meta denies the allegations in Paragraph 183.

184.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 184.

185.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 185.

186.     Meta denies the allegations in Paragraph 186.

187.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 187.

188.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 188.

189.     Meta denies the allegations in Paragraph 189.

190.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 190.

### Meta's Willful Disregard of Plaintiffs' Trademark Rights

191.     Meta admits that it takes intellectual property rights seriously and, in accordance with its terms and policies, reviews allegations of intellectual property rights violations, including the notices and takedown requests submitted on Plaintiffs' behalf using the "Trademark Report Form" that Meta directs trademark holders to use to report alleged infringements of their

trademarks on Facebook and Instagram. Meta admits it was initially unable to act upon Trademark Report Form Nos. 1838876116469238, 1488044498347718, 817327455988713, and 1158362785069460, purportedly submitted on Plaintiffs' behalf. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 191 concerning notifications to outside counsel, and states that, on information and belief, Plaintiffs did not submit a Trademark Report Form to Meta, which would request the information needed to assess a claim of third-party trademark infringement.

192.   Meta denies that Facebook "explicitly rejected" Plaintiffs' take-down request and lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 192.

193.   Trademark Report Form #1838876116469238 ("TMR-9238") speaks for itself. Meta admits that TMR-9238 was submitted to Facebook on November 9, 2022, on Plaintiffs' behalf. Meta denies any remaining allegations in Paragraph 193.

194.   TMR-9238 speaks for itself. Meta admits that Facebook responded to TMR-9238 on November 9, 2022. Meta states that Facebook further responded on December 15, 2022, confirming that the reported content had been removed. Meta denies that Facebook "explicitly refus[ed]" Plaintiffs' take-down request in TMR-9238 and denies any remaining allegations in Paragraph 194.

195.   Meta admits that Plaintiffs submitted three separate Trademark Report Forms collectively seeking the removal of nine Instagram and Facebook posts. Meta denies that it "explicitly refused" Plaintiffs' take-down requests and denies any remaining allegations in Paragraph 195.

196.   Trademark Report Form #1488044498347718 ("TMR-7718") speaks for itself. Meta admits that TMR-7718 was submitted to Facebook on October 18, 2022, on Plaintiffs' behalf and reported three Facebook posts. Meta denies any remaining allegations in Paragraph 196.

197.   TMR-7718 speaks for itself. Meta admits that Facebook responded to TMR-7718 on October 18, 2022. Meta states that Facebook further responded on December 15, 2022, confirming that the reported content had been removed. Meta denies that Facebook "explicitly refus[ed]" Plaintiffs' take-down request in TMR-7718 and denies any remaining allegations in Paragraph 197.

198.   Trademark Report Form #817327455988713 ("TMR-8713") speaks for itself. Meta admits that TMR-8713 was submitted to Instagram on October 18, 2022, on Plaintiffs' behalf and reported a single Instagram post. Meta denies any remaining allegations in Paragraph 198.

199.   TMR-8713 speaks for itself. Meta admits that Instagram responded to TMR-8713 on October 18, 2022. Meta denies that Instagram "explicitly refus[ed]" Plaintiffs' take-down request in TMR-8713 and denies any remaining allegations in Paragraph 199.

200.   TMR-8713 speaks for itself. Meta admits that on October 18, 2022, Ms. Leah Waite-Holland, on Plaintiffs' behalf, submitted to Instagram a copy of the registration certificate for U.S. Reg. No. 3,766,310 but otherwise failed to substantively respond to Instagram's comments. Meta denies any remaining allegations in Paragraph 200.

201.   TMR-8713 speaks for itself. Meta admits that Instagram responded to Ms. Waite-Holland's submission on October 18, 2022. Meta denies that Instagram "explicitly refus[ed]" Plaintiffs' take-down request in TMR-8713 and denies any remaining allegations in Paragraph 201.

202.    TMR-8713 speaks for itself. Meta admits that on October 18, 2022, Ms. Waite-Holland, on Plaintiffs' behalf, resubmitted to Instagram a copy of the registration for U.S. Reg. No. 3,766,310 but otherwise failed to substantively respond to Instagram's comments. Meta states that Instagram further responded on December 15, 2022, confirming that the reported content had been removed. Meta denies any remaining allegations in Paragraph 202.

203.    Trademark Report Form #1158362785069460 ("TMR-9460") speaks for itself. Meta admits that TMR-9460 was submitted to Instagram on October 18, 2022, on Plaintiffs' behalf and reported five Instagram posts. Meta denies any remaining allegations in Paragraph 203.

204.    TMR-9460 speaks for itself. Meta admits that Instagram responded to TMR-9460 on October 18, 2022. Meta denies that Instagram "explicitly refus[ed]" Plaintiffs' take-down request in TMR-9460 and denies any remaining allegations in Paragraph 204.

205.    TMR-9460 speaks for itself. Meta admits that on October 18, 2022, Ms. Waite-Holland, on Plaintiffs' behalf, submitted to Instagram a copy of the registration certificate for U.S. Reg. No. 3,766,310 but otherwise failed to substantively respond to Instagram's comments. Meta denies any remaining allegations in Paragraph 205.

206.    TMR-9460 speaks for itself. Meta admits that Instagram responded to Ms. Waite-Holland's submission on October 18, 2022. Meta denies that Instagram "explicitly refus[ed]" Plaintiffs' take-down request in TMR-9460 and denies any remaining allegations in Paragraph 206.

207.    TMR-9460 speaks for itself. Meta admits that on October 18, 2022, Ms. Waite-Holland, on Plaintiffs' behalf, resubmitted to Instagram a copy of the registration certificate for U.S. Reg. No. 3,766,310 but otherwise failed to substantively respond to Instagram's comments.

Meta states that Instagram further responded on December 15, 2022, confirming that the reported content had been removed. Meta denies any remaining allegations in Paragraph 207.

208.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 208.

209.    Meta admits that, on October 3, 2023, Plaintiffs' counsel of record sent a message to Defendant's counsel of record including links to certain Instagram posts along with vague allegations of third-party infringement. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegation that the links referenced lead to "each of the Instagram posts for the Infringing Tree-Shaped Air Fresheners pictured in ¶ 132." Meta denies any remaining allegations in Paragraph 209.

210.    Meta denies the allegations in Paragraph 210.

211.    Meta admits that Plaintiffs sent a message to Defendant's counsel of record with links to Instagram posts along with vague allegations of third-party infringement and a request to outside counsel that the posts be removed. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegation that the links referenced lead to "the Instagram advertisements pictured in ¶¶ 178 and 181." Meta denies any remaining allegations in Paragraph 211.

212.    Meta denies the allegations in Paragraph 212.

213.    Meta admits that Plaintiffs' counsel of record sent a message to Defendant's counsel of record with links to Facebook Marketplace listings along with vague allegations of third-party infringement and a request to outside counsel that the listings be removed. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegation that the links referenced lead "Facebook Marketplace listings for the Infringing Tree-Shaped Air Fresheners

pictured in ¶ 109" and "Facebook Marketplace listings for the Infringing 'Black Ice' Air Fresheners pictured in ¶¶ 139, 160, and 163." Meta denies any remaining allegations in Paragraph 213.

214.    Meta denies the allegations in Paragraph 214.

215.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 215.

216.    Meta denies the allegations in Paragraph 216.

217.    Meta lacks knowledge or information sufficient to form a belief about the truth of the allegation that Plaintiffs' counsel of record notified outside counsel of "[t]he posts and listings for the Infringing Products pictured in ¶¶ 109-110 and 139." Meta denies the allegation that all of the posts and listings referenced in the October 20, 2023 email to outside counsel are still active on Facebook.

218.    Meta admits that Plaintiffs' counsel of record sent a message to Defendant's counsel of record with links to Instagram and Facebook posts along with vague allegations of third-party infringement and a request to outside counsel that the listings be removed. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegation that the links referenced lead to posts "pictured in ¶¶ 166 and 170" and "in ¶ 172." Meta denies any remaining allegations in Paragraph 218.

219.    Meta denies the allegations in Paragraph 219.

220.    Meta admits that Plaintiffs' counsel of record sent a message to Defendant's counsel of record with links to a Facebook Marketplace listing along with vague allegations of third-party infringement and a request to outside counsel that the listing be removed. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegation that the link

referenced lead to the "listing pictured in ¶ 188." Meta denies any remaining allegations in Paragraph 220.

221.     Meta denies the allegations in Paragraph 221.

222.     Meta admits that Plaintiffs' counsel of record sent a message to Defendant's counsel of record with links to Instagram posts along with vague allegations of third-party infringement and a request to outside counsel that the posts be removed. Meta lacks knowledge or information sufficient to form a belief about the truth of the allegation that the links referenced lead to the "posts pictured in ¶ 185." Meta denies any remaining allegations in Paragraph 222.

223.     Meta denies the allegations in Paragraph 223.

224.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 224.

225.     Meta lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 225.

226.     Meta denies the allegations in Paragraph 226.

227.     Meta denies the allegations in Paragraph 227.

228.     Meta denies the allegations in Paragraph 228.

229.     Meta denies the allegations in Paragraph 229.

## CLAIMS FOR RELIEF
## CLAIM I
## CONTRIBUTORY COUNTERFEITING OF A REGISTERED TRADEMARK
### (Federal)

230.     In response to Paragraph 230, Meta repeats and realleges its responses to each of the allegations contained in Paragraphs 1 through 229.

231.     Meta denies the allegations in Paragraph 231.

232.     Meta denies the allegations in Paragraph 232.

233.    Meta denies the allegations in Paragraph 233.

234.    Meta denies the allegations in Paragraph 234.

235.    Meta denies the allegations in Paragraph 235.

236.    Meta denies the allegations in Paragraph 236.

237.    Meta denies the allegations in Paragraph 237.

238.    Meta denies the allegations in Paragraph 238.

239.    Meta denies the allegations in Paragraph 239.

## CLAIM II
## CONTRIBUTORY INFRINGEMENT OF A REGISTERED TRADEMARK
### (Federal)

240.    In response to Paragraph 240, Meta repeats and realleges its responses to each of the allegations contained in Paragraphs 1 through 239.

241.    Meta denies the allegations in Paragraph 241.

242.    Meta denies the allegations in Paragraph 242.

243.    Meta denies the allegations in Paragraph 243.

244.    Meta denies the allegations in Paragraph 244.

245.    Meta denies the allegations in Paragraph 245.

246.    Meta denies the allegations in Paragraph 246.

## CLAIM III
## CONTRIBUTORY TRADEMARK INFRINGEMENT AND UNFAIR
## COMPETITION
### (Federal)

247.    In response to Paragraph 247, Meta repeats and realleges its responses to each of the allegations contained in Paragraphs 1 through 246.

248.    Meta denies the allegations in Paragraph 248.

249.    Meta denies the allegations in Paragraph 249.

250.     Meta denies the allegations in Paragraph 250.

251.     Meta denies the allegations in Paragraph 251.

252.     Meta denies the allegations in Paragraph 252.

## CLAIM IV
## CONTRIBUTORY TRADEMARK DILUTION
### (Federal)

253.     In response to Paragraph 253, Meta repeats and realleges its responses to each of the allegations contained in Paragraphs 1 through 252.

254.     Meta admits that JSL is the registrant listed by the United States Patent and Trademark Office for certain federal trademark registrations claiming an abstract tree design or the words "Little Trees." Meta denies the "Tree Design Mark" or the "Little Trees Marks" are distinctive or famous. Meta lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 254.

255.     Meta denies the allegations in Paragraph 255.

256.     Meta denies the allegations in Paragraph 256.

257.     Meta denies the allegations in Paragraph 257.

258.     Meta denies the allegations in Paragraph 258.

259.     Meta denies the allegations in Paragraph 259.

## CLAIM V
## CONTRIBUTORY VIOLATION OF NEW YORK
## GENERAL BUSINESS LAW § 360-l

260.     In response to Paragraph 260, Meta repeats and realleges its responses to each of the allegations contained in Paragraphs 1 through 259.

261.     Meta denies the allegations in Paragraph 261.

262.     Meta denies the allegations in Paragraph 262.

263.    Meta denies the allegations in Paragraph 263.

## CLAIM VI
## CONTRIBUTORY TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION
### (Common Law)

264.    In response to Paragraph 264, Meta repeats and realleges its responses to each of the allegations contained in Paragraphs 1 through 263.

265.    Meta denies the allegations in Paragraph 265.

266.    Meta denies the allegations in Paragraph 266.

267.    Meta denies the allegations in Paragraph 267.

268.    Meta denies the allegations in Paragraph 268.

## PRAYER FOR RELIEF

Meta denies that Plaintiffs are entitled to any of the relief enumerated in the Complaint. Meta denies all allegations in the Complaint not expressly admitted.

## AFFIRMATIVE DEFENSES

Meta asserts the following affirmative defenses and reserves the right to assert additional defenses as appropriate, including without limitation based on information disclosed during discovery or that otherwise comes to light. In asserting the following defenses, Meta does not assume the burden of proof for any issue for which Plaintiffs have the burden of proof.

## FIRST DEFENSE

Meta is not subject to personal jurisdiction in this Court, including for the reasons explained in Meta's Motion to Dismiss or Transfer. (Dkt. No. 17)

## SECOND DEFENSE

Venue is improper due to valid forum selection clauses in the Meta Terms of Service and Instagram Terms of Use, as explained in Meta's Motion to Dismiss or Transfer. (Dkt. No. 17)

## THIRD DEFENSE

Plaintiffs' claims, in whole or in part, fail to state a claim on which relief may be granted, including for the reasons explained in Meta's Motion to Dismiss or Transfer. (Dkt. No. 17)

## FOURTH DEFENSE

Plaintiffs' claims are barred, in part, because Plaintiffs' Tree Design Mark is invalid as functional, including for the reasons explained in Meta's Counterclaim.

## FIFTH DEFENSE

CFC lacks standing to assert a claim under 15 U.S.C. § 1114, 15 U.S.C. § 1125(c), or N.Y. Gen. Bus. L. § 360-l, because it is not the owner of the asserted registrations. As a mere licensee of the purported marks, CFC lacks standing to assert these statutory claims of infringement and dilution.

## SIXTH DEFENSE

By virtue of failing and refusing to file the Trademark Report Form made available on Meta's platforms, Plaintiffs' claims are barred by assumption of risk.

## SEVENTH DEFENSE

By virtue of failing and refusing to file the Trademark Report Form made available on Meta's platforms, Plaintiffs' claims are barred by estoppel.

**EIGHTH DEFENSE**

By virtue of failing and refusing to file the Trademark Report Form made available on Meta's platforms, Plaintiffs' claims are barred by waiver.

**NINTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because the third-party uses accused by Plaintiffs in the Third Amended Complaint constitute fair use. Upon information and belief, several of the third-party posts and listings alleged by Plaintiffs to infringe its purported trademarks did not use the Plaintiffs' purported trademarks as an indicator of the source of their posts or products. For instance, one or more of the third-party posts and listings identified by Plaintiffs only use a generic pine tree-shape to denote the pine-scented fragrance of the corresponding air freshener.

**TENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because one or more of the third-party posts and listings accused by Plaintiffs concern extraterritorial acts taken entirely outside of the United States. Upon information and belief, one or more of the third-party posts and listings alleged by Plaintiffs to infringe its purported trademarks contain content not in English and appear to advertise or offer for sale products outside of the territorial United States.

**WHEREFORE**, Meta respectfully requests that this Court rule or otherwise enter a judgment:

(1) Dismissing Car-Freshner's claims with prejudice; and

(2) Granting such other and further relief as this Court deems just and proper.

Dated: February 16, 2024.                    Respectfully submitted,

                                             /s/ *William H. Brewster*
                                             KILPATRICK TOWNSEND & STOCKTON LLP

                                             William H. Brewster (520585)
                                             R. Charles Henn Jr. (703461)
                                             H. Forrest Flemming, III (703406)

                                             The Grace Building
                                             1114 Avenue of the Americas
                                             New York, NY 10036
                                             Telephone: (212) 775-8700
                                             Facsimile: (212) 775-8800
                                             Email:  bbrewster@kilpatricktownsend.com
                                                     chenn@kilpatricktownsend.com
                                                     fflemming@kilpatricktownsend.com

                                             *Attorneys for Defendant*

**KILPATRICK TOWNSEND & STOCKTON LLP**

William H. Brewster (520585)
R. Charles Henn Jr. (703461)
H. Forrest Flemming, III (703406)

The Grace Building
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 775-8700
Facsimile: (212) 775-8800

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD., <br><br> *Plaintiffs*, <br><br> v. <br><br> META PLATFORMS, INC., <br><br> *Defendant*. | **JURY TRIAL DEMANDED** <br><br> No. 5:22-cv-1305 (MAD/ML) |
| META PLATFORMS, INC., <br><br> *Counterclaim-Plaintiff*, <br><br> v. <br><br> CAR-FRESHNER CORPORATION and JULIUS SÄMANN LTD., <br><br> *Counterclaim-Defendants*. | |

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, a true and correct copy of the foregoing was

served on counsel for Plaintiffs via ECF as follows:

Louis Orbach
Liza R. Magley
Collin Michael Carr
One Lincoln Center
Syracuse, New York 13202-1355
Telephone: (315) 218-8000
Emails: lorbach@bsk.com; lmagley@bsk.com; ccarr@bsk.com

*/s/ William H. Brewster*
William H. Brewster
Kilpatrick Townsend & Stockton LLP
*Attorney for Defendant*