**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CAR-FRESHNER CORPORATION and**
**JULIUS SAMANN LTD,**

$\qquad\qquad\qquad\qquad$ **Plaintiffs,**

$\qquad$ **vs.** $\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad$ **5:22-CV-1305**
$\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad\qquad\quad$ **(MAD/ML)**

**META PLATFORMS, INC.,**

$\qquad\qquad\qquad\qquad$ **Defendant/**
$\qquad\qquad\qquad\qquad$ **Counter-Claimant,**

$\qquad$ **vs.**

**JULIUS SAMANN LTD,**

$\qquad\qquad\qquad\qquad$ **Counter-Defendant.**
_____

**APPEARANCES:**$\qquad\qquad\qquad\qquad\qquad$ **OF COUNSEL:**

**BOND SHOENECK & KING, PLLC**$\qquad$ **LIZA R. MAGLEY, ESQ.**
One Lincoln Center$\qquad\qquad\qquad\qquad\qquad$ **LOUIS ORBACH, ESQ.**
Syracuse, New York 13202
Attorneys for Plaintiffs

**KILPATRICK TOWNSEND**$\qquad\qquad$ **H. FORREST FLEMMING, III, ESQ.**
**& STOCKTON, LLP**$\qquad\qquad\qquad$ **R. CHARLES HENN, JR., ESQ.**
1114 Avenue of the Americas – 21st Floor$\quad$ **WILLIAM H. BREWSTER, ESQ.**
New York, New York 10036
Attorneys for Defendant and
Counter-Claimant

**MANATT, PHELPS & PHILLIPS, LLP**$\qquad$ **RICHARD S. HARTUNIAN, ESQ.**
7 Times Square Plaza$\qquad\qquad\qquad\qquad$ **MATTHEW F. BRUNO, ESQ.**
New York, New York 10036
Attorneys for Defendant and
Counter-Claimant

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

Plaintiffs Car-Freshner Corporation and Julius Samann Ltd. initiated this action on December 6, 2022, by filing a complaint. *See* Dkt. No. 1. Plaintiffs allege that Defendant Meta Platforms, Inc., as owner of Facebook and Instagram infringed on their trademarks for Little Trees air fresheners. *See id.*

Presently before the Court is Defendant's appeal of two decisions by Magistrate Judge Miroslav Lovric in which he denied Defendant's motion to compel and request to modify the deadline for filing a motion based on venue. *See* Dkt. No. 109. Plaintiff responded in opposition. *See* Dkt. No. 122. Defendant replied. *See* Dkt. No. 129.

For the following reasons, Defendant's appeal is denied.

## II. BACKGROUND

For a complete recitation of the factual background underlying this case, the parties are referred to the Court's Memorandum-Decision and Order dated November 7, 2023, as well as Plaintiffs' fourth amended complaint. *See* Dkt. Nos. 26, 107. The Court will, however, recite the procedural posture that is relevant to the issues on appeal.

Plaintiffs filed their first amended complaint as of right on February 27, 2023. *See* Dkt. No. 13. On March 13, 2023, in lieu of filing an answer to Plaintiffs' first amended complaint, Defendant moved to dismiss the complaint. *See* Dkt. No. 17. Defendant sought to dismiss Plaintiffs' claims for lack of personal jurisdiction and failure to state a claim under Federal Rules of Civil Procedure 12(b)(1) and (6), or in the alternative, to transfer venue to the District Court for the Northern District of California based on forum selection clauses in Defendant's terms of service. *See id.* Plaintiff opposed the motion on all grounds. *See* Dkt. No. 21.

On November 7, 2023, the Court granted in part and denied in part Defendant's motion to dismiss and denied the request to transfer venue.  *See* Dkt. No. 26.  The Court acknowledged that "'[t]he presence of a [valid and enforceable] forum-selection clause . . . in [a] case will be a significant factor that figures centrally in the district court's calculus [when deciding a motion to transfer venue under 28 U.S.C. § 1404(a)].'"  *Id.* at 26 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  However, it declined to transfer the case, in part, because "on the present record, the Court cannot conclude as a matter of law that [Plaintiffs] assented to reasonably communicated forum-selection clauses."  *Id.* at 34.  At the motion to dismiss stage, the Court was required to accept Plaintiffs' allegations as true, but the Court could also consider additional exhibits or declarations.  After reviewing all of the documents provided by the parties, the Court concluded that there was "insufficient evidence to support a conclusion as a matter of law that Plaintiffs were on inquiry notice of the forum-selection provision.'"  *Id.* at 37.

Plaintiffs subsequently filed a second amended complaint by stipulation of the parties.  *See* Dkt. Nos. 28, 29, 31.  Defendant filed a pre-motion letter requesting a conference concerning the Court's November decision.  *See* Dkt. No. 32.  Specifically, Defendant requested clarification as to the extent of the Court's grant of Defendant's motion to dismiss.  *See id.*

On December 19, 2023, Defendant served its first set of interrogatories and documents requests on Plaintiffs.  *See* Dkt. No. 109 at 10.  Various requests concerned Plaintiffs' notice about the forum-selection clauses in Defendant's terms of service.  *See id.* at 10-11.

The Court then granted the parties permission to file briefs addressing the clarification issue raised by Defendant, and on January 4, 2024, it granted Defendant's request to dismiss additional claims.  *See* Dkt. Nos. 34, 35, 36, 37.  The Court also granted Plaintiffs leave to file a third amended complaint.  *See* Dkt. No. 37.  On January 24, 2024, "Plaintiffs objected to

[Defendant's discovery] requests as 'not relevant' but provided no explanation." Dkt. No. 109 at 11.

Plaintiffs filed their third amended complaint on February 2, 2024, and Defendant answered the complaint on February 16, 2024. *See* Dkt. Nos. 39, 43. As part of its answer, Defendant asserted an affirmative defense alleging improper venue because of the forum selections clauses in its terms of service. *See* Dkt. No. 43 at 40. On February 16, 2024, Defendant also sent Plaintiffs a discovery-related deficiency letter. *See* Dkt. No. 109 at 11. On February 27 and March 13, 2024, the parties conferred to attempt to resolve the issues. *See id.*

The parties filed their civil case management plan on March 8, 2024. *See* Dkt. No. 45. As part of the plan, Defendant explained that "[t]he Court denied in part Meta's motion to dismiss or transfer based on the record at the pleading stage, but Meta anticipates that discovery will strengthen the record for Meta, which may then seek summary judgment on the issues of personal jurisdiction and venue." *Id.* at 3. Defendant stated that "[i]n addition to the above, the parties genuinely dispute whether Plaintiff Car-Freshner Corp. assented to a valid forum selection clause requiring transfer of this action." *Id.* at 5.

Magistrate Judge Lovric issued a Uniform Pretrial Scheduling Order ("UPSO") on March 15, 2024. *See* Dkt. No. 47. The UPSO stated, in relevant part, that "**THE DEADLINES SET IN THIS SCHEDULING ORDER SUPERSEDE THE DEADLINES SET FORTH IN FED. R. CIV. P.26(a)(3) AND ARE FIRM AND WILL NOT BE EXTENDED, EVEN BY STIPULATION OF THE PARTIES, ABSENT GOOD CAUSE**." *Id.* at 1. Immediately below this admonition, the UPSO ordered that venue motions be filed within sixty days of the date of the Order, which was May 14, 2024. *See id.*

On March 26, 2024, Plaintiffs responded in writing to Defendant's deficiency letter. *See* Dkt. No. 109 a 12. Plaintiffs argued that Defendant was not entitled to the discovery it was seeking related to venue because it was not permitted to file a second motion to transfer. *See id.* at 13. Defendant responded to Plaintiffs on April 19, 2024. *See id.* The parties filed status reports to Magistrate Judge Lovric on April 30, 2024. *See* Dkt. Nos. 65, 66. Defendant's status report indicated that "[i]f the parties cannot resolve any outstanding disputes, Meta will bring them to the Court's attention. Other than this potential motion to compel, no further motion practice is expected at this time." Dkt. No. 66 at 2. Neither status report detailed the context of the discovery disputes. *See* Dkt. Nos. 65, 66. Plaintiffs responded to Defendant's April 19, 2024, letter on May 8, 2024. *See* Dkt. No. 109 at 13.

In its present appeal, Defendant states that "Plaintiffs filed their first document production on May 22, 2024 (more than a week after the venue motion deadline), and that production did not contain any documents responsive to Meta's forum-selection clause discovery requests. Accordingly, Meta began preparing a motion to compel." *Id.* Defendant filed its motion to compel on June 13, 2024, one month after the venue motion deadline passed. *See* Dkt. No. 79. Defendant's motion to compel indicated that many of the disputed discovery requests were related to Defendant's defense of improper venue. *See id.* at 1, 3-6, 8. The motion to compel said nothing about the venue motion deadline.

Plaintiffs responded in opposition to Defendant's motion to compel on June 28, 2024. *See* Dkt. No. 82. Plaintiffs argued that Magistrate Judge Lovric should deny Defendant's motion concerning discovery requests related to venue because the time to bring a venue motion had expired under the deadlines set in the UPSO. *See id.* at 4. Plaintiffs also asserted that Defendant had waived its improper venue affirmative defense by failing to raise it in its pre-answer motion

to dismiss.  *See id.* at 5.  Plaintiffs argued that Defendant chose to bring the motion to transfer prior to discovery and that Defendant is not entitled to a second opportunity, particularly because the Court already denied the request to transfer based on the forum selection clauses.  *See id.* at 5-6.

Magistrate Judge Lovric held oral argument on Defendant's motion to compel and issued an oral decision on July 8, 2024.  *See* Dkt. No. 86.  As set forth in a 106-page transcript, Magistrate Judge Lovric went through each discovery dispute one at a time.  *See id.* at 87. Plaintiffs argued that the venue-related discovery requests were improper because "venue is no longer a relevant issue in this case.  As we discussed in the letter, there's several reasons for this. The first is that the time to make a motion for change of venue has expired."  *Id.* at 8.  Plaintiffs also stated that "[t]he next reason venue is no longer a live issue in this case is that to the extent Meta is arguing that it is an affirmative defense under 12(b)(3), then they've waived that.  They made a Rule 12 motion already in this case, and they did not move on Rule 12(b)(3)."  *Id.* Plaintiffs noted that after this Court denied Defendant's motion to dismiss, Defendant did not seek leave to renew its motion after discovery.  *See id.* at 9.

In response, Defendant argued that it did not waive the venue affirmative defense "merely because when [it] moved to dismiss, [it] cited 1404 instead of Rule 12(b)(3)."  *Id.* at 13. Defendant asserted that this Court's previous denial of the request to transfer does not negate Defendant's ability to ever seek such relief in the future because "[t]here is nothing in that order that would override the general procedures that allow one to renew a motion or seek reconsideration of a motion when new facts arise."  *Id.* at 14.  As to the deadline set forth in the UPSO, Defendant argued as follows:

> Well, obviously the reason we're here is that the plaintiffs have been
> refusing to give us the discovery that would allow us to renew our
> motion or seek reconsideration, and very conveniently did so
> beyond the time of the deadline to file that motion, and therefore, if
> we get the discovery, and it shows the evidence we believe it will,
> which will support our forum selection clause defense, we would
> move to amend the scheduling order and we would  have good
> cause because the good cause would be we now have the discovery,
> we didn't have it before the deadline and so now is the time to bring
> the motion.  So the mere fact that there was an initial deadline to
> file those motions shouldn't preclude us from seeking the discovery
> at this time.

*Id.* at 15.

Magistrate Judge Lovric began "first by stating something that I said at the Rule 16 initial conference.  I most often do, especially depending on the parties and their practices in this district, I always, some degree or another, tell the parties, read the Uniform Pretrial Scheduling Order, review it because you're going to be bound by those deadlines."  *Id.* at 21-22.  He explained that "[s]ome of those are my deadlines, some of them are the district judge's practices, and there's quite a few in there, there's quite a few things in there that the parties are bound by."  *Id.* at 22. Magistrate Judge Lovric read from the UPSO, reiterating the first bolded statement that the parties are bound by the dates absent a showing a good cause, as well as the statement setting the venue motion deadline.  *See id.*  He told Defendants' counsel, "that expired."  *Id.*

Counsel argued that Defendant's "argument is that we would be moving under the portion of the order that specifically says it can be modified for good cause, and the good cause here is, we served requests, they've stonewalled us by not giving us the information but once we get it . . . Once we have it, we have good cause."  *Id.* at 22-23.  Magistrate Judge Lovric informed Defendant's attorney as follows:

> let me tell you something about how this works.  You and the
> plaintiffs don't get to decide if a motion, or excuse me, if a deadline

7

is going to be renewed or reopened.  Once the deadline expires, that was my court order.  If you want an extension, you make it before the deadline expires.  For example, the plaintiffs apparently knew that they wanted to file – seek leave to file a fourth amended complaint, so they, at least on one, maybe two occasions, asked the court to extend that deadline, the deadline that was in the Uniform Pretrial Scheduling Order as to when any motion for joinder or amended pleadings was to be filed, and they moved to extend and I believe in one telephone conference they raised that and gave me some indication of why.  So I authorized that extension.  At no time to my recollection, I looked at the docket pretty carefully, and I don't hear it today, at no time did the defendant request the court to extend the deadline for the filing of any venue motion.  So that deadline has expired, it's gone, it's two months ago.  That deadline expired on May 15th of 2024.  So almost two months ago.

Now, the [D]efendant's view is, well, we'll decide if and when we think we'd like to get that deadline reopened, we'll decide to bring that up with the court.  That's your prerogative but you operate at your own peril.  Because I think the uniform order is pretty clear, it will not be extended, even by stipulation of parties, absent good cause.  Good cause includes why you failed to ask for the extension of the deadline.  I've not heard anything today, I've not heard anything thus far other than you're waiting for discovery.  If that were the case, every one of my deadlines would be meaningless.  The deadline to give notice for expert disclosures, well, Judge, we're still using discovery, we're not ready.  Oh, well, then my deadline means nothing.  Or the deadline for when discovery ends.  I'll say right here to both sides, if you blow that deadline in December for discovery, you're done.  Discovery's over.  Unless you get an extension from this court.

*Id.* at 23-24.  Magistrate Judge Lovric concluded "venue is gone, it's done.  That expired two months ago." *Id.* at 24.  He therefore denied Defendant's motion to compel concerning venue-related discovery requests. *See* Dkt. No. 86.

On July 15, 2024, Defendant filed a letter motion seeking a conference with Magistrate Judge Lovric to modify the UPSO and for reconsideration of his denial of Defendant's motion to compel based on expiration of the venue motion deadline. *See* Dkt. No. 88.  Defendant argued that it had good cause for extending the UPSO because it could not have sought to earlier modify

the schedule without Plaintiffs turning over the necessary discovery. *See id.* at 2. Defendant stated that it "believed it *could not* have brought a successful Rule 16(b) motion prior to the expiration of the venue deadline." *Id.*

Magistrate Judge Lovric held a conference on July 19, 2024. *See* Dkt. No. 93. At the start of the conference, he reminded the parties to review the current deadlines set forth in the UPSO. *See* Dkt. No. 101 at 3. Defendant first explained that it "took your Honor's scheduling order very seriously and carefully considered it and did not cavalierly disregard it. Quite the opposite. My client carefully considered its options as to venue before the deadline passed, and my client made a procedural decision that they believed was not only the best use of the court's resources but is also supported by many authorities within the Second Circuit and outside the Second Circuit." *Id.* at 5. Defendant then detailed the timing of its discovery requests and Plaintiffs' responses. *See id.* at 5-8.

Defendant stated that "at that time Meta considered what to do about the venue motion deadline. So, Meta considered a long line of cases of discussing . . . what it means to establish good cause to modify a scheduling order. And there are many cases that have held that good cause cannot be shown unless the party has in its hand the new evidence, the new information that would justify a modification of the scheduling order." *Id.* at 8. It continued, explaining that "[t]he point with all this is that Meta concluded that it would be a waste of the court's resources for Meta to bring a motion to modify the scheduling order based on hypothetical information that it might get from plaintiffs if the court agreed that the discovery was later appropriate." *Id.* "So, Meta decided to instead just pursue the discovery, seek relief from the court in the form of a motion to compel. And if the court granted the motion to compel, and if plaintiffs produced information that Meta believe warranted another motion to transfer venue, then, and only then,

would Meta bring the issue of modification of the scheduling order to the court's attention and attempt to show good cause, in which case the court could, of course, still deny it for lack of good cause." *Id.* at 10.

Magistrate Judge Lovric responded as follows:

> I'm even less impressed today than last time with Meta's response, which is what you've articulated here confirms what the court concluded at the last hearing, which is Meta decided to do it their way, and that's fine, that's what Meta decided to do, but then when your way doesn't work because the court is not going to bend to go your way, then Meta would like the court to go back and give Meta additional time and additional extensions. So, I'm just not impressed and I'm underwhelmed with that explanation which is that Meta decided to ignore my court order. You just said that to me. And then you gave me a reason why Meta decided to ignore my court order. I'm unimpressed with that, because the way this process works is the court sets orders, the parties follow it or you appeal it. You don't get to choose to ignore court orders, any of them for any reason whatsoever, unless there is some catastrophic global event that causes you not to meet a deadline.

> But Meta here, what you chose to do and you just told me this, is that Meta decided it was not yet prepared to address the venue motion, if any, you still wanted to do and seek information as you described, and then Meta decided that if and when it was appropriate, Meta would come back to the court and ask the court to extend, or whatever the word you want to use, that venue motion deadline that expired. That's not the way it works. . . .

> So, by the time you brought this to the court's attention, that deadline had expired for approximately two months, and the only reason you made, at least you brought that to the court's attention, in my view is because the plaintiffs rightfully so said it's not relevant. You're asking for things that are no longer relevant. Venue is gone, venue motion deadline expired, we need to move on with discovery. And again, Meta wanted to do it their way. . . .

> I'm just not impressed, Mr. Flemming. Meta is not some mom and pop office down the road. You have more attorneys than god, and here you are telling me all the reasons why you couldn't do this, you couldn't do that and why you need more time. I'm just underwhelmed by this whole approach.

10

*Id.* at 11-15.  Magistrate Judge Lovric found "that Meta's application here today and the last

hearing is not good cause.  Good cause is not, well, Judge, we ignored your order because we

didn't think that was a good way to proceed, we wanted to do it our way, that's not good cause.

Good cause is not, well, we were still discussing with the [P]laintiffs['] discovery and those kind

of things." *Id.* at 19.  He noted that "[t]here is a very good reason why those deadlines are set the

way they are; venue is to be decided early on.  And if that is the focal point or was the focal

point of Meta, you could have pointed that out to the court, directed that discovery should be

focused on that because if the venue motion sends this case somewhere else, that's it

for the Northern District of New York, no more resources are expended.  But you didn't do that."

*Id.* at 21.  Finally, Magistrate Judge Lovric determined that "[t]o the extent that your letter docket

88 is asking for this court's reconsideration of my July 8th, 2024 decision, that decision again is

found at text order number 86, I am denying that motion for reconsideration."  *Id.* at 22; *see also*

Dkt. No. 44.

   Over Defendant's objection and with permission from Magistrate Judge Lovric, Plaintiffs

filed their fourth amended complaint on August 1, 2024.  *See* Dkt. Nos. 81, 95, 104, 107.  On

August 2, 2024, Defendant appealed Magistrate Judge Lovric's discovery decisions and

"respectfully requests that the Court modify the [July 8, 2024] Ruling to compel Plaintiffs to

comply with all appropriate forum-selection clause discovery, and either set aside the [July 19,

2024] Ruling entirely, or modify it to grant Meta's request to extend the deadline to file venue

motions to thirty days after Plaintiffs' compliance with such discovery."  Dkt. No. 109 at 8.

### III. DISCUSSION

**A.     Legal Standard**

Magistrate judges are empowered with broad discretion relative to non-dispositive pre-trial matters. *See* 28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a). As a result, a party seeking to disturb a magistrate's non-dispositive discovery order bears a heavy burden. *See Carmona v. Wright*, 233 F.R.D. 270, 276 (N.D.N.Y. 2006); *United States v. United States Currency in Sum of Twenty-One Thousand Nine Hundred Dollars*, No. 98-CV-6168, 1999 WL 993721, *2 (E.D.N.Y. Sept. 21, 1999); *American Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 90 (S.D.N.Y. 2002).

On appeal, the district court reviews a magistrate judge's non-dispositive orders under the "clearly erroneous or contrary to law" standard of review. FED. R. CIV. P. 72(a); *see also Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990); *Carmona*, 233 F.R.D. at 275. A magistrate judge's order is "clearly erroneous" when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Carmona*, 233 F.R.D. at 276 (citing *Concrete Pipe and Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993)). "An order is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Carmona*, 233 F.R.D. at 276 (citing *Tompkins v. R.J. Reynolds Tobacco Co.*, 92 F. Supp. 2d 70, 74 (N.D.N.Y. 2000)).

In applying this standard, it has been consistently held that a magistrate judge's discovery decision should be afforded substantial deference and should only be overturned where there is a clear abuse of discretion. *See U2 Home Entm't, Inc. v. Hong Wei Int'l Trading Inc.*, No. 04-CV-6189, 2007 WL 2327068, *1 (S.D.N.Y. Aug. 13, 2007) (citation omitted). Moreover, courts in the Second Circuit have held that "the critical inquiry is whether there is legal authority that

12

supports the magistrate's conclusion[,]" and if so, then "there is no abuse of discretion." *Carmona*, 233 F.R.D. at 276 (citing *Tompkins*, 92 F. Supp. 2d at 74); *see also Moss v. Enlarged City Sch. Dist. of City of Amsterdam*, 166 F. Supp. 2d 688, 670 (N.D.N.Y. 2001) ("That reasonable minds may differ on the wisdom of granting [a party's] motion does not mean that the decision is clearly erroneous or contrary to law").

**B.    Local Rule 72.1(b)**

Plaintiffs first argue that Defendant's appeal should be dismissed because it failed to comply with Local Rule 72.1(b). *See* Dkt. No. 122 at 14. Local Rule 72.1(b) states that "[a]ny party may file an appeal from a Magistrate Judge's decision of a non-dispositive matter to the District Judge by filing with the Clerk and serving upon all parties their appeal to the decision." N.D.N.Y. L.R. 72.1(b). The Rule requires that the appealing party "file and serve its notice of appeal and appellant's brief within fourteen (14) days after being served with the Magistrate Judge's order and must specifically designate the order or part of the order from which the party seeks relief and the basis for the appeal." *Id.*

Plaintiffs contend that Defendant fails to identify the specific portions of Magistrate Judge Lovric's Orders that it is appealing; therefore, the appeal should be denied. *See* Dkt. No. 122 at 14. Defendant argues that it complied with Local Rule 72.1(b) because the Rule does not require the notice of appeal to be a separate document and it identified and quoted the specific portions of the Orders it is challenging. *See* Dkt. No. 129 at 14.

Although Defendant does not state the precise pages of the transcripts that it is challenging from Magistrate Judge Lovric's oral decisions, Defendant's notice of appeal sets forth with sufficient specificity the portions of the Orders it is challenging. Defendant clearly identifies the two Orders it is challenging, explains why it disagrees with the conclusions, and cites case law

to support its arguments. *See* Dkt. No. 109. As the appeal is specific enough to meet Rule 72.1(b)'s demands, the Court rejects Plaintiff's argument on this issue.

**C.      Whether Magistrate Judge Lovric's Orders are Clearly Erroneous**

Defendant argues that Magistrate Judge Lovric's decisions were clearly erroneous because (1) its failure to timely bring a venue-related motion did not foreclose their ability to ever do so and discovery was therefore necessary to their improper venue defense; (2) Defendant is not required to seek to modify a scheduling order prior to the passing of the relevant deadline; and (3) Defendant has good cause for failing to timely bring a venue-related motion. *See* Dkt. No. 109.

Defendant argues that "the passage of the venue motion deadline could not serve as the sole basis for denying Meta'[s] motion to compel." Dkt. No. 109 at 18. Defendant contends that "[t]he Fifth Circuit confronted a similar situation in *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Georgia, Inc.*, 892 F.3d 719 (5th Cir. 2018)." *Id.* at 19. Defendant states that "[t]he Fifth Circuit held that even though the plaintiff never moved to compel on th[e relevant] issue, the plaintiff's amendment deadline should have been extended." *Id.* Defendant does not provide any citation to support this purported holding. That is because, as Plaintiffs correctly explain, the Fifth Circuit held no such thing. *See* Dkt. No. 122 at 18.

In *Innova Hospital*, the Fifth Circuit reviewed a district court's grant of the defendant's motion to dismiss the plaintiff's ERISA claims as well as the district court's denial of the plaintiff's request for leave to amend the complaint. *See Innova Hosp.*, 892 F.3d at 723. The Fifth Circuit first concluded that the district court erred in dismissing some of the plaintiff's claims. *See id.* at 731-32. Then, as to amendment, the court noted that leave to amend had been denied because the plaintiff was "out of time." *Id.* at 734. The Fifth Circuit explained that "'[o]nly upon the movant's demonstration of good cause to modify the scheduling order will the

more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave.'" *Id.* at 734-35 (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). The court concluded that because the plaintiff "fails to argue or even to identify the legal standard relevant to whether the district court abused its discretion in denying the Hospital's motion for leave to amend out of time," the plaintiff "forfeited this argument." *Id.* at 735.

Defendant relies on the case by stating that "[t]he Fifth Circuit was unequivocal in *Innova* that using a dismissal order to resist discovery until after the amendment deadline has passed is sanctionable conduct, and that Plaintiffs have no defense for their highly similar misconduct here." Dkt. No. 129 at 8. It is true that the Fifth Circuit noted that the Insurer defendants did not produce insurance plan documents to the plaintiff until after the deadline to re-plead had passed and the defendants then used the district court's dismissal order as a basis to refuse "to produce plan documents during the time the district court gave the [plaintiff] an opportunity to re-plead." *Innova Hosp.*, 892 F.3d at 730. The Fifth Circuit explained that "this is not a case in which the plaintiff has ready access to plan documents and fails to identify the specific plan language at issue" and "'[c]ounsel have an obligation, as officers of the court, to assist in the discovery process by making diligent, good-faith responses to legitimate discovery requests.'" *Id.* at n.9 (quoting *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990)). The Fifth Circuit did not further comment or hold that the plaintiff's amendment deadline should have been extended by the district court. The Fifth Circuit concluded only that the plaintiff pleaded sufficient facts to survive the defendants' motion to dismiss and "that when discoverable information is in the control and possession of a defendant, it is not necessarily the plaintiff's responsibility to provide that information in her complaint." *Id.* at 730.

Here, Defendant is correct that Plaintiffs did not comply with Defendant's discovery requests before the venue motion deadline passed.  To date, Plaintiffs have not complied because Magistrate Judge Lovric denied Defendant's motion to compel.  The Court agrees that both parties have an obligation to engage in good faith efforts throughout discovery.  *See* N.D.N.Y. L.R. 37.1(a) ("Parties must make good faith efforts among themselves to resolve or reduce all differences relating to discovery prior to seeking court intervention").  Additionally, discovery is generally permitted as relevant where the information could aid in presenting an affirmative defense.  *See* FED. R. CIV. P. 26(d) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . .").

Despite pleading improper venue an affirmative defense in its answer filed on February 16, 2024, *see* Dkt. No. 43, Defendant did not argue improper venue pursuant to Rule 12(b)(3) or 28 U.S.C. § 1406(a) in its pre-answer motion to dismiss filed on March 13, 2023.  *See* Dkt. No. 17-1.  In fact, Defendant did not argue "improper" venue at all.  *See id.*  Defendant argued only that transfer of venue was appropriate in the interest of justice pursuant to 28 U.S.C. § 1404(a). *See id.* at 20.

Generally, "'[w]hile motions to transfer are typically considered at an early stage in a case . . . nothing bars a court from granting a motion to transfer venue at a later stage in a case.'" *Hamilton Int'l Ltd. v. Vortic LLC*, 414 F. Supp. 3d 612, 623 (S.D.N.Y. 2019) (quoting *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 271 (D. Conn. 2006)).  However, failure to raise improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) or 28 U.S.C. § 1406 constitutes waiver.  *See* FED. R. CIV. P. 12 ("A motion asserting any of these defenses[, including improper venue,] must be made before pleading if a responsive pleading is allowed"); *Smart v. Goord*, 21 F. Supp. 2d 309, 318 n.6 (S.D.N.Y. 1998) ("Waiver of objection to improper venue only pertains

16

to a motion to dismiss or transfer on the basis of improper venue pursuant to 28 U.S.C. § 1406(a),
not to a motion to transfer for convenience and the interest of justice pursuant to 28 U.S.C. §
1404(a)"); *Peterson v. Wells Fargo Bank, N.A.*, No. 3:20-CV-781, 2022 WL 972415, *7 (D.
Conn. Mar. 31, 2022), *adhered to on reconsideration*, 2022 WL 1605468 (D. Conn. May 20,
2022), *and aff'd*, No. 22-1343-CV, 2023 WL 4363239 (2d Cir. July 6, 2023) ("Improper venue is
a waivable issue, and any objection to venue is considered waived where not asserted in a
defendant's responsive pleading, including a pre-answer motion to dismiss").

    In its reply to the present appeal, Defendant argues they did not waive its forum selection
clause defense because it "raised the defense in its first filing (the motion to dismiss or transfer)
and in its first answer," and public policy favors transfer in favor of forum selection clauses.  Dkt.
No. 129 at 13.  Defendant cites a case where the court concluded that the defendant did not waive
the issue because the defendants "raised the forum selection clause at the earliest possible time: as
an affirmative defense in their answer."  *Id.* at 13-14 (citing *Jockey Int'l, Inc. v. M/V 'Leverkusen
Express'*, 217 F. Supp. 2d 447, 455 (S.D.N.Y. 2002)).  Defendant cites to the precise page number
in its answer wherein it raised the affirmative defense of improper venue.  *See id.* at 13 (citing
Dkt. No. 43 at 40).  However, as to its pre-answer motion to dismiss, Defendant cites its entire
memorandum of law.  *See id.* (citing Dkt. No. 17-1).  Defendant did not and cannot cite to a
specific portion of its pre-answer motion to support its argument that it raised the improper venue
defense because it, in fact, did not raise improper venue in its pre-answer motion.  *See* Dkt. No.
17-1.  Rather, it argued only that "the Court should transfer this action to the Northern District of
California pursuant to 28 U.S.C. § 1404(a)."  *Id.* at 20.

    Noteworthy to the Court is the lack of case law provided by Defendant establishing its
entitlement to bring a second motion to transfer venue.  In an April 19, 2024, letter Defendant

stated that it "provided the requested authority [to Plaintiffs] via email on March 26, 2024." Dkt. No. 79-9 at 4. In its present appeal, Defendant contends that "[b]ecause Plaintiffs refused to comply fully with over 70 of Meta's discovery requests, Meta sent Plaintiffs an extensive deficiency letter on February 16, 2024 that cited at least twenty cases supporting its position." Dkt. No. 109 at 11. Following Plaintiffs' response which argued that Defendant was not entitled to file a second motion to transfer, "Plaintiffs offered to consider authorities to the contrary, so the same day, Meta responded via email that it had several avenues to potentially raise the forum-selection clause issue, including by requesting leave to renew its prior motion to transfer or through a motion under Federal Rule of Civil Procedure 54(b) or 60(b)(2)." *Id.* at 13. Defendant has not provided these purported emails or the "twenty cases supporting its position" that it should be permitted to file a second motion to transfer. *Id.* at 11.

Further, the Court agrees with Plaintiff that Defendant likely would not have been able to seek reconsideration of the Court's prior transfer decision. Defendant argues that anything it learned through discovery would have been "new evidence," but it fails to explain how such evidence could not have been earlier discovered with reasonable diligence. Dkt. No. 129 at 11-12; *see also S.E.C. v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010), *aff'd sub nom. Smith v. S.E.C.*, 432 Fed. Appx. 10 (2d Cir. 2011) ("Where . . . a party seeks reconsideration on the ground of new evidence, the moving party must demonstrate (1) evidence existing at the time of the prior decision, (2) *the evidence could not have been discovered in the exercise of reasonable diligence*, (3) that evidence is admissible, and (4) the evidence would probably change the result of the prior ruling"); *In re Ski Train Fire in Kaprun, Austria, on Nov. 11, 2004*, 224 F.R.D. 543, 545-46 (S.D.N.Y. 2004) ("Pursuant to Rule 54(b), the Court has authority to revise decisions entered before the entry of a final judgment . . . . The Second Circuit explained . . . that an earlier

decision in ongoing litigation 'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice'") (quotation omitted).

As Magistrate Judge Lovric explained during the July 19, 2024, hearing, the parties "had discovery going even before [the] Rule 16." Dkt. No. 101 at 19. As Plaintiff argues, Defendant chose to make its motion to transfer prior to obtaining any of the disputed information through discovery. *See* Dkt. No. 122 at 6-7, 12. Although Defendant is correct that venue issues should be handled early in the case, that is why a venue motion deadline is set for only sixty days after the filing of the UPSO.[1] Regardless of whether Defendant could have sought reconsideration on the Court's motion to dismiss based on newly discovery evidence, Magistrate Judge Lovric's decisions to deny the motion to compel based on untimeliness and deny a request to extend the relevant deadline is not clearly erroneous.

To argue otherwise, Defendant relies on *Morgan v. Gusman*, No. 06-CV-5700, 2010 WL 1936215 (E.D. La. May 12, 2010). *See* Dkt. No. 109 at 18-19; Dkt. No. 122 at 17; Dkt. No. 129 at 7. In *Morgan*, the court recognized that "the liberal parameters of Fed.R.Civ.P. 15 would require the Court to consider a motion to amend, even if presented beyond the Court's scheduling deadline. The Court's scheduling order itself allows for the possibility of extending the deadlines and cut-offs by order of the Court on good cause shown." *Morgan*, 2010 WL 1936215, at *4. In that case, the Fifth Circuit previously reversed the district court's order denying a motion to

---

[1] "While motions to transfer are typically considered at an early stage in a case, and '[v]enue objections are waived if not timely asserted,' . . . nothing bars a court from granting a motion to transfer venue at a later stage in a case." *Jones v. Walgreen Co.*, 463 F. Supp. 2d 267, 271 (D. Conn. 2006) (quoting *Smith v. Woosley*, 399 F.3d 428, 434 (2d Cir. 2005), and citing *Lencco Racing Co., Inc. v. Arctco, Inc.*, 953 F. Supp. 69, 70 n.1 (W.D.N.Y. 1997) ("A motion to transfer venue may be made at any time")).

dismiss based on qualified immunity. *See id.* at *2. "The Fifth Circuit remanded the matter back to the District Court to allow for discovery limited to the qualified immunity issue. The District Judge issued a scheduling order . . . ." *Id.*

The plaintiff moved to compel defense counsel to produce a witness for deposition, but the defendant opposed the request because "the deposition is futile because the plaintiff can no longer amend his complaint to include facts sufficient to overcome the qualified immunity defense. The deadline to amend passed and the plaintiff has not yet amended the complaint since the remand by the Fifth Circuit. Second, the plaintiff can not take an unlimited deposition of the [witness] at this time." *Id.* The court explained that "the plaintiff's entitlement to amend his complaint is not before the Court at this time. Amendment was not ordered by the Fifth Circuit and has not been ordered by the District Court. However, the defendants' argument compels the Court to note that the opportunity to amend is not a requirement in this case or the only method by which [the plaintiff] can address qualified immunity." *Id.* at *4. Rather, the issue was whether the deposition should be permitted or if it would be futile to the qualified immunity defense. *See id.* at *5. The court concluded that the deposition was relevant to the defense and granted the motion to compel. *See id.*

This case does not aid Defendant. It did not address whether the plaintiff should have been permitted to amend the complaint after the amendment deadline had passed. Insofar as Defendant argues that the case supports the conclusion that a scheduling order can allow for an extension of deadlines, *see* Dkt. No. 129 at 7, no one disagrees with that assertion. The USPO states that deadlines can be extended upon a showing of good cause. *See* Dkt. No. 47 at 1. However, Magistrate Judge Lovric's conclusion that Defendant failed to show such good cause is not clearly erroneous.

Defendant argues that it has presented "*fifteen* cases confirming that a party does not need to move to modify a deadline before its expiration to demonstrate good cause, including five from the Northern District." Dkt. No. 129 at 11.  Plaintiff argues as follows:

> Meta does not cite any case where it was found to be clear error for a magistrate to deny a party's request to reopen an expired venue motion deadline, let alone where the party admitted, as Meta did here, that it was plotting to potentially make a venue motion following discovery, but nonetheless deliberately chose not to seek an extension of the venue motion deadline before it expired.  It is self-evident that this scenario is markedly different than the cases Meta cites where a party sought to amend its pleading or join new parties based on information discovered after the deadline to move to amend had passed.

Dkt. No. 122 at 25.

Defendant cites *Veeder v. Nutting*, in which this Court explained that "Defendants are correct that the date set for the filing of amended pleadings in the Uniform Pre-Trial Scheduling Order has already passed.  It appears from the record before the Court, however, that Plaintiffs did not become fully aware of the facts surrounding their claims until depositions were completed in December of 2011."  No. 1:10-CV-00665, 2012 WL 1416266, *6 (N.D.N.Y. Apr. 24, 2012).  In *Veeder*, the "Plaintiffs moved to amend their complaint a little more than three months after the date in the Scheduling Order, and in response to [a] . . . Memorandum-Decision and Order." *Id.* The court concluded that because "Plaintiffs learned of these necessary facts during the course of discovery and filed their motion to amend their complaint within a reasonable time after discovering these facts, the Court finds that Plaintiffs acted diligently in filing their proposed amended complaint." *Id.*

*Veeder* is not persuasive.  Here, Defendant did not obtain information that was newly discovered upon which to base a delayed motion.  Rather, it had not obtained any of the

information it sought.  Contrary to Defendant's assertion, *Veeder* does not state that "a party does not need to move to modify a deadline before its expiration to demonstrate good cause."  Dkt. No. 129 at 11.  Rather, this Court used its discretion and judgment to conclude that good cause had been shown under the specific circumstances of that case.  This Court's conclusion in *Veeder* does not equate to a finding that Magistrate Judge Lovric clearly erred in this case.

Further, as Plaintiff explains, the cases Defendant relies on concern the modification of deadlines for moving to amend a complaint or for filing an amended complaint.  *See* Dkt. No. 122 at 25; *citing Enzymotec Ltd. v. NBTY, Inc.*, 754 F. Supp. 2d 527, 536 (E.D.N.Y. 2010); *Ruel v. McGrath*, No. 1:12-CV-417, 2013 WL 12130427, *3 (N.D.N.Y. June 21, 2013); *Robinson v. Town of Colonie*, No. 91-CV-1355, 1993 WL 191166, *2 (N.D.N.Y. June 3, 1993); *Mason Tenders Dist. Council of Greater New York v. Phase Constr. Servs., Inc.*, 318 F.R.D. 28, 32 (S.D.N.Y. 2016); *Palomino v. O'Leary*, No. 08-CV-6490, 2010 WL 3025582, *3 (N.D. Ill. July 29, 2010); Ny*comed U.S. Inc. v. Glenmark Generics Ltd.*, No. 08-CV-5023, 2010 WL 1257803, *2 (E.D.N.Y. Mar. 26, 2010); *Erdogan v. Nassau Cnty.*, No. 10-CV-05837, 2014 WL 1236679, *5 (E.D.N.Y. Mar. 25, 2014); *Woods Hole Oceanographic Inst. v. ATS Specialized, Inc.*, No. 17-CV-12301, 2020 WL 13605451, *1 (D. Mass. Dec. 22, 2020); *McClain v. Dugan*, No. 9:17-CV-0046, 2019 WL 6330507, *6 (N.D.N.Y. Oct. 28, 2019); *Stewart v. Coyne Textile Servs.*, 212 F.R.D. 494, 495 (S.D.W. Va. 2003); *Knoll, Inc. v. Moderno, Inc.*, No. 11-CV-488, 2012 WL 3613896, *1 (S.D.N.Y. Aug. 22, 2012)).  These cases discuss the balancing of Rule 16's good cause standard with "Rule 15's liberal standard where by leave to amend 'shall be freely given.'" *Enzymotec Ltd.*, 754 F. Supp. 2d at 536; *see* Dkt. No. 122 at 25-27.  The liberal Rule 15 standard does not apply to venue motions or motions for reconsideration.

Although those courts did find good cause to extend the filing deadline because information underlying a motion to amend was not learned until discovery, that does not make Magistrate Judge Lovric's decisions clearly erroneous or contrary to law. Rather, his Orders are supported by decisions of other courts that have concluded that no good cause exists where the party seeking the extension failed to explain why it did not earlier seek the extension. *See In re Platinum-Beechwood Litig.*, 393 F. Supp. 3d 401, 403 (S.D.N.Y. 2019), *order vacated on reconsideration on other grounds*, No. 18-CV-6658, 2019 WL 5203745 (S.D.N.Y. Sept. 16, 2019) ("[Plaintiff's] letter does not explain why [plaintiff] or its counsel, prior to the deadline, did not ask this Court for an extension of the deadline. This would have allowed the Court to evaluate the circumstances, minimize delay, avoid prejudice, and coordinate with all the other moving parts of this complex litigation. But [plaintiff] chose instead to completely ignore the deadline, and more generally the Court's orders. [Plaintiff] offers no explanation for this failure, presumably because it has none"); *Lee v. Rollinger*, No. 16-CV-4126, 2017 WL 5473927, *2 (N.D. Iowa Nov. 14, 2017) ("If, as plaintiff suggests, she was unable to determine whether she could bring a punitive damages claim without answers to her discovery requests, it is unclear why plaintiff did not seek to compel timely production of discovery. Nor has plaintiff adequately explained why she did not seek timely leave to amend the scheduling order once it became apparent that defendants would not provide the requested discovery by August 4, 2017").

Finally, Plaintiff analogizes and Defendant distinguishes *LaFlamme v. Carpenters Local No. 370 Pension Plan*, 220 F.R.D. 181 (N.D.N.Y. 2003), *aff'd*, 127 Fed. Appx. 3 (2d Cir. 2005). *See* Dkt. No. 122 at 24-26; Dkt. No. 129 at 10-11. In *LaFlamme*, the court considered the parties' cross-motions for summary judgment and the plaintiff's motion to amend. *See id.* at 183. As to the motion to amend, it "was not received by the court until nearly eighteen months" after the

deadline for amending the complaint passed. *Id.* at 185. The court explained that the "Plaintiff claims that the deadline for amending the pleadings passed while defendants were refusing to provide discovery. As a result of this conduct, the discovery deadline was stayed, and even after this, it took months for defendants to provide the necessary discovery. Thus, according to plaintiff, the timing of the new claim is more due to defendants' dilatory conduct rather than any lack of diligence on plaintiff's part." *Id.* at 186. The court rejected the plaintiff's argument. It noted that "Plaintiff at no point during the discovery dispute asked for an extension of the amending deadline, or a stay of the same after the discovery deadline was stayed. If plaintiff truly had in mind a new cause of action, [] there is simply no plausible reason why such an extension or stay was not sought." *Id.* The same conclusion was appropriately reached by Magistrate Judge Lovric in this case.

Defendant distinguishes the case by arguing that it explicitly notified Magistrate Judge Lovric that it "may [] seek summary judgment on the issues of personal jurisdiction and venue." Dkt. No. 129 at 10 (quoting Dkt. No. 45 at 3). That was on March 8, 2024, prior to Magistrate Judge Lovric entering the UPSO. *See* Dkt. Nos. 45, 47. Defendant contends that on April 30, 2024, it informed Magistrate Judge Lovric that Plaintiff had not produced any documents and they were engaging in discussions about the discovery disputes. *See* Dkt. No. 129 at 10-11. However, Defendant never specified what the disputes were regarding. *See* Dkt. No. 66. Nor did Defendant reassert an intent to file a venue motion. *See id.*

Defendant states that it "promptly brough a motion to compel when the parties' substantial conferral efforts failed." Dkt. No. 129 at 11. Defendant contends that "[i]n that motion, Meta advised the Magistrate once again that Meta might seek transfer should discovery from Plaintiffs reveal a basis to do so." *Id.* However, Defendant filed its motion to compel on June 13, 2024.

*See* Dkt. No. 79. The venue motion deadline was May 14, 2024. Defendant does not explain, why, between April 30 and June 13, it did not contact the Court to ask to modify the venue motion deadline. Insofar as Defendant repeatedly argues that it thought it could not seek such a modification prior to the deadline expiring, *see* Dkt. No. 129 at 5, 8-11, the deadline expired a month before Defendant filed its motion to compel. Defendant provides no justification for why it did not ask the Court to extend the venue motion deadline after the deadline had expired and while it was composing and waiting for a decision on its motion to compel. *See* Dkt. No. 109, 129.

Defendant contends that it "repeatedly inform[ed] the Magistrate of [its] efforts" to diligently pursue forum-selection clause discovery. Dkt. No. 129 at 9. The Court can only discern two such moments: (1) in Defendant's answer filed on February 16, 2024, wherein Defendant alleged an improper venue affirmative defense; and (2) in Defendant's March 8, 2024, civil case management plan. *See* Dkt. Nos. 43, 45. However, in Defendant's April 30, 2024, status report, it explicitly stated that "[i]f the parties cannot resolve any outstanding disputes, Meta will bring them to the Court's attention. Other than this potential motion to compel, *no further motion practice is expected at this time*." Dkt. No. 66 at 2. The Court sees no filing wherein Defendant informed or reminded Magistrate Judge Lovric of its intention to file a venue motion after Magistrate Judge Lovric set the venue motion deadline on March 15, 2024. *See* Dkt. No. 47. Even in its motions to compel, Defendant argued that venue "remains a live issue in this case," but it stated nothing about an intention to potentially file a venue motion based on what it learned through discovery. Dkt. No. 79 at 4. Defendant asserted that "Judge D'Agostino's pre-discovery ruling denying Meta's motion to transfer cannot be read to remove the venue issue from

the case permanently," but Defendant stated nothing about seeking reconsideration of that pre-discovery ruling. *Id.* Defendant did not acknowledge the venue motion deadline. *See id.*

Defendant has not provided any compelling justification sufficient to establish good cause for why it did not seek an extension of the venue motion deadline. Without such justification, and because there is legal authority supporting Magistrate Judge Lovric's decisions, the Court finds no clear error in Magistrate Judge Lovric's Orders.

### V. CONCLUSION

After careful review of the record, the parties' submissions, and the applicable law, the Court hereby

**ORDERS** that Defendant's appeal of Magistrate Judge Lovric's discovery Orders as outlined in this Memorandum-Decision and Order (Dkt. No. 109) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 21, 2024
        Albany, New York

Mae A. D'Agostino
U.S. District Judge